FILED

JAN 3 0 2008   NR

1-30-2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

David & Dian Krogull )
     Plaintiff )
 )
vs. )
 )
Triumph Credit, LLC, )
Syncom, and )
Ford Motor Credit Company, )
     Defendant )

**08CV 643**

**JUDGE ANDERSEN**

**MAGISTRATE JUDGE COX**

) JURY TRIAL DEMANDED

### COMPLAINT FOR VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT AND OTHER CLAIMS

Now come the Plaintiffs, David & Dian Krogull, by their attorneys, Norman H. Lehrer, P.C., and file their Complaint against Defendants, and state and allege as follows:

### INTRODUCTION

1.    Plaintiffs David Krogull and Dian Krogull bring this action against Defendants for violation of the Fair Debt Collection Practices Act, Illinois Consumer Fraud Act, and other claims as the Defendants have pursued collection against the Krogulls on a false debt after the debt was released by Ford Motor Credit Complaint, and the Defendants engaged in unfair debt collection practices by misrepresenting the debt and itself Plaintiffs bring this action against Ford Motor Credit Company based on the Defendant's false misrepresentation that they are indebted to the Defendants and for fraudulent initiation of a lawsuit and slander of credit and other claims.

### JURISDICTION AND VENUE

2.    The jurisdiction of the United States District Court is based on 28 U.S.C. 1331 (Federal Question Jurisdiction) and 15 U.S.C. 1692 (Fair Debt Collection Practices Act), and there is a common nucleus of facts between the federal question claims arising

under the Federal Fair Debt Collection Practices Act and the pendent state actions for common law fraud, consumer fraud, civil conspiracy and slander of credit. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this District.

4.      Venue is also proper in this District since the Defendants can be found, have agents, or transact business in this District.

## PARTIES

5.      David Krogull and Dian Krogull are citizens of the State of Illinois and of the United States who reside within this District. Gros was previously a party to an action in the Circuit Court of DuPage County entitled *Krogull v. Ford Motor Credit Company*, Case No. 01 L 7291.

6.      The Krogulls are "consumers" as that term is defied by by Section 1692(a)(3) of the Fair Debt Collection Practices Act (hereafter "FDCPA") in that the alleged debt that Defendants sought to collect from them is a consumer debt, purportedly owed to Ford Motor Credit Company.

7.      Upon information and belief, Defendant Triumph Credit, LLC d/b/a Triumph and Syncom have their principal place of business located in Houston, Texas.

8.      Upon information and belief, Triumph and Syncom are both corporations regularly engaged in the collection of debts allegedly owed by consumers, and does so for profit.

2

9.    Upon information and belief, Defendant Syncom is a Texas corporation which regularly engaged in the collection of debts owed by consumers and does so for profit.

10.    Syncom and Triumph Assert Services d/b/a Triumph Credit, LLC, are debt collectors as defined by Section 1692(a)(6) of the FDCPA.  Syncom contacted the Krogulls by letter at their home in Westmont by mail.  Syncom is a debt collection firm in Houston, Texas.

## FACTUAL ALLEGATIONS

11.    Sometime after August 15, 2003, Plaintiffs received a debt collection letter.  A copy of same is attached hereto as Exhibit "A".

12.    Shortly thereafter, Plaintiff began to receive phone calls at various hours of the day from Syncom and/or Triumph demanding payment of the debt, and informing Plaintiff that the Defendant Triumph was the lawful owner of a debt under a Retail Installment Contract, formerly owed to Ford Motor Credit Company, and which was purchased by Triumph.  Syncom identified the original creditor in its debt collection letter as "Ford Credit" and the current owner as Triumph Asset Services.  Plaintiffs informed Syncom and Triumph on the telephone between October 4, 2005 and August 18, 2006, that they owed no debt to Ford Motor Credit Company and disputed the debt's existence.  Plaintiffs were informed orally by Syncom that Ford Motor Credit no longer was the "owner of the debt", but that Triumph was entitled to collect the debt.

13.    Plaintiffs disputed the debt orally and explained that the debt was released as the result of a lawsuit that concluded in 2003.  Defendant Syncom informed Plaintiffs

3

that it was going to collect this debt and ignored Plaintiff's protestations, and threatened to ruin their credit.

14.     Defendant Syncom informed Plaintiff it would hire an attorney to collect the account and that litigation against the Krogulls and their assets would commence. Defendant Syncom represented to the Krogulls that it was collecting a debt owed to Triumph Asset Services and the original creditor was Ford Credit. A copy of this letter is attached hereto as Exhibit "A".

15.     In fact, the debt or alleged debt in question had been released by Ford Motor Credit Company with respect to the debt in question in a case entitled *Krogull v. Ford Motor Credit Company*, Case No. 01 L 7291. Ford Motor Credit Company appeared in that suit by its counsel, and a release was thereafter entered into on Ford Motor Credit's alleged debt and Ford Motor Credit paid the Krogulls $7,871.61. A copy of the Release is attached hereto as Exhibit "B".

16.     The Defendant Syncom and Triumph:

A.     falsely represented to the Krogulls that the Krogulls were indebted to Triumph;

B.     falsely represented it would file a lawsuit when it had no right to do so;

C.     falsely misrepresented that it would collect the debt from Plaintiff's assets.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST SYNCOM

4

17.    Plaintiffs restate, reallege and incorporate here by reference all foregoing

paragraphs as if fully set forth in this Count.

18.    Defendant Syncom violated 15 U.S.C. §1692 e(2)(A) by falsely

representing the character, amount or legal status of Plaintiff's alleged debt.

19.    Defendant Syncom violated 15 U.S.C. §1692(c)(4) by falsely representing

that non-payment of the debt would result in a legal action against Plaintiff.

20.    Defendant violated 15 U.S.C. §1692(f) by using unfair means to attempt to

collect an alleged consumer debt by failing to investigate Plaintiffs' claim that they were

not indebted to Ford Motor Credit.

WHEREFORE, Plaintiffs ask that this Court enter judgment in their favor and
against Defendant as follows:

(A) statutory damages;

(B) attorneys fees, litigation expenses and costs incurred in bringing this action;

(C) Any other relief the Court deems appropriate and just.

## COUNT II

## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST FORD MOTOR CREDIT COMPANY

Now come the Plaintiffs, by their attorneys, Norman H. Lehrer, P.C., and by way
of their Complaint against Defendant Ford Motor Credit Company, states and alleges as
follows:

21.    David Krogull and Dian Krogull are individuals and citizens of the United

States and State of Illinois.

22.    Ford Motor Credit Company is a corporation in the business of financing

automobile purchases and leases among other things through a system of auto dealerships

it engaged in business with.

5

23.    On April 17, 1998, the Plaintiffs, David Krogull and Dian Krogull, entered into a Retail Installment Contract with Woodfield Chevrolet, a car dealership in Schaumburg, Illinois, and Ford Motor Credit Company, relating to a 1989 Jeep Grand Cherokee. Litigation later ensued relative to the car in Cook County, Illinois, as case no. 01 L 7291. The Circuit Court of Cook County conducted a pretrial on the case, and the case against Ford Motor Credit was settled and Ford Credit released any claim for debt It had against the Krogulls on August 15, 2003.

24.    Ford Motor Credit Company had actual knowledge as of August 15, 2003 that it had no right to collect any funds from the Krogulls with respect to the Krogulls account relating to the 1989 Jeep Grand Cherokee. Ford Motor Credit had appeared in the Cook County litigation with the Krogulls and had actual knowledge as of August 15, 2003 that it had no right to collect any funds from the Krogulls with respect to the 1989 Jeep Grand Cherokee. Ford Motor Credit had appeared in the Cook County litigation with the Krogulls and had actual knowledge and notice Ford Motor Credit Company falsely misrepresented to Midland Funding LLC that Gros was in debt to Ford Motor Credit and knowing full well with reasonable certainty that Triumph would attempt to collect the debt from the Krogulls. This was an unfair and deceptive act by Ford Motor Credit Company. Ford Motor Credit Company sold a debt that it misrepresented to Triumph as valid and lawful, knowing that the debt was invalid and ruled invalid, and knowing that the misrepresentation of the debt as a lawful debt would be repeated, and a continuing misrepresentation by Triumph, who would attempt to collect the debt from the Plaintiffs. This was an unfair and deceptive act by Ford Motor Credit Company.

25.    At all times, there was in effect in the State of Illinois a statute known as the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2).

26.    Defendant Ford Motor Credit Company was at all times engaged in trade and commerce and knew Triumph would attempt to collect the debt.

27.    On information and belief, and as a continuing representation on or before 8-18-06, Ford Motor Credit Company, by its agents and employees, made the following continuing representations to Triumph Credit, LLC, knowing these representations would be repeated, and would cause collection efforts by Triumph and Syncom against the Krogulls:

A.    That it was the lawful owner of an indebtedness of $3,812.18 that the Krogulls owed to it;

B.    That it had the right to sell that debt to Triumph and Syncom;

C.    Concealed that the Circuit Court of Cook County had released the debt by settlement agreement;.

D.    Syncom and T riumph attempted repeatedly to collect the alleged debt from the Krogulls;

E.    Ford Credit unfairly reported the alleged debt to various credit reporting agencies, damaging the Krogulls' credit;

F.    Triumph initiated a lawsuit against the Krogulls on 8-18-06 in the Circuit Court of DuPage County as case no. 06 SC 4957, which was dismissed with prejudice (see Summons and Complaint attached as Exhibits "C" and "D").

28.    The above representations and/or omissions as set forth above were made with the intent that they would be relied upon.

7

29.     The above representations and/or omissions as set forth above were false

and untrue, or Ford Motor Credit Company and Syncom and Triumph committed unfair

acts and reckless acts when the representations were made as follows:

A.     The Circuit Court of Cook County had ruled that the Krogulls had
no indebtedness to Ford Motor Credit Company by settlement in August, 2003;

B.     Ford Motor Credit Company had no right to collect the alleged debt,
sell the alleged debt, or do anything else with the debt to prejudice the Krogulls, as the
debt was ruled invalid and dismissed.

C.     The Krogulls had been found by the Circuit Court of Cook County
not to be indebted to Ford Motor Credit Company and as such the sale of the debt to
Triumph was a fraudulent concealment and an unlawful act.

D.     Neither Ford Credit nor Triumph nor Syncom had the right to collect
the debt.

30.     Ford Motor Credit's and Triumph's acts are violations of public interest

statutes, and misrepresentations and concealments in violation of the Illinois Consumer

Fraud Act, and other laws, and have an impact on consumers generally, and have a

potential for repetition.  Ford Motor Credit has been engaged in a pattern of fraud in the

financing of the lease and alleged debt with respect to the vehicle.

31.     The actions of Ford Motor Credit and Syncom and Triumph are injurious

to the public and the Krogulls and part of a pattern of misconduct.  The actions of Ford

Motor Credit and Triumph and Syncom are one or more of the following:

A.     The sale of an invalid debt to a debt collector knowing it will be
collected by the debt collector;

B.     The flagrant refusal to report or honor the lawful settlements, rulings
and order of courts of law in the State of Illinois to the level of open contempt of the
rulings;

C.     The continued mistreatment of a Ford Motor Credit customer;

8

32.     As a result of Defendant Ford Motor Credit's and Syncom's and/or

Triumph's fraudulent actions, the Defendant has caused the Plaintiffs damages and has

caused continuing attempts to collect, harass, and dun the Plaintiffs for money they do

not owe, and has caused out-of-pocket expenses, legal fees, loss of time, aggravation and

inconvenience and emotional distress, and these damages are continuing.

33.     The conduct set forth above constitutes unfair and deceptive conduct by

the Defendant in violation of the Illinois Consumer Fraud and Deceptive Business

Practices Act (815 ILCS 505/2).

WHEREFORE, the Plaintiffs pray for relief against the Defendants Ford Motor

Credit Company and Triumph and Syncom as follows:

A.     That Plaintiffs be awarded $50,000.00, plus costs, plus attorneys fees;

B.     That Plaintiff be awarded punitive damages of $100,000.00;

C.     For such other relief as the Court deems just.

## COUNT III

## COMMON LAW FRAUD AGAINST FORD MOTOR CREDIT COMPANY

Now come the Plaintiffs, by their attorneys, Norman H. Lehrer, P.C., and states as

follows by way of Complaint against Defendant Ford Motor Credit Company:

34.     Plaintiffs restate and reallege paragraphs 1-33 of Counts I and II, and

further states as follows:

35.     The misrepresentations and failures to disclose as set forth above were

made with the intent that Plaintiffs rely on them and Plaintiffs did in fact justifiably rely

on them to their detriment.

36.    As a result of misrepresentations and/or failures to disclose as set forth above, Plaintiffs have suffered damages and losses including out-of-pocket expenses, loss of time, damage to credit, and aggravation and inconvenience.

37.    Defendant's conduct as set forth above constitutes fraud against the Plaintiffs.

38.    The misrepresentations and/or failures to disclose set forth above were made willfully and intentionally or in reckless disregard of the truth of falsity of said misrepresentations and/or failures to disclose.

39.    The Krogulls discovered that Ford Credit had committed the acts of fraud, as set forth above, when the Krogulls were sued by Defendant Triumph on August 18, 2006, and shortly after that, the Krogulls discovered that the alleged claim that formed the basis for this lawsuit was the claim by Ford Motor Credit Company.

WHEREFORE, Plaintiffs pray for relief against Defendant Ford Motor Credit as follows:

A.    That Plaintiffs be awarded actual damages in the amount of $50,000.00;

B.    That Plaintiffs be awarded punitive damages in the amount of $300,000.00;

C.    That the Defendant be ordered to delete Plaintiffs' trade-line;

D.    For such other relief as the Court deems just and appropriate.

## COUNT IV

### COMMON LAW SLANDER OF CREDIT
### AGAINST FORD MOTOR CREDIT COMPANY

Now come the Plaintiffs, David Krogull and Dian Krogull, by their attorneys, Norman H. Lehrer, P.C., and states as follows:

40.    Plaintiffs restate and reallege paragraphs 1-38 of Counts I, II and III as though fully set forth herein, and states further as follows:

41.    On and before August 18, 2006, and on a continuing basis thereafter, Ford Motor Credit has intentionally and maliciously reported to Triumph Asset Services d/b/a Triumph Credit that Plaintiffs were indebted to it.

42.    Plaintiffs' credit has been slandered and Plaintiffs have been caused to be dunned by Triumph by Ford Motor Credit's slander of Plaintiffs' credit.

43.    The foregoing acts by Ford Motor Credit and Triumph were false, as Plaintiff had a clear right not to pay any debt to Ford Motor Credit or Triumph as the Court had released the debt, and the sale of the debt was in violation of Plaintiff's rights.

44.    By the forgoing acts, Ford Motor Credit and Triumph intentionally made false statements about Plaintiff or made same in reckless disregard for the truth.

45.    As a result of Defendants Ford Motor Credit's and Triumph's conduct, the Krogulls have suffered actual damages in that Plaintiffs' credit was damaged.  Plaintiff has been caused aggravation and inconvenience and distress as a result of Ford Motor Credit's actions.

WHEREFORE, Plaintiffs request:

A.    An award of actual damages which Plaintiffs have suffered, including punitive damages;

B.    Award expenses of litigation;

C.    An order that Defendant clear Plaintiffs' credit history with respect to this transaction in total;

D.    Grant such other relief as the Court deems just.

**COUNT V**

**CIVIL CONSPIRACY AGAINST TRIUMPH AND FORD CREDIT**

Now come the Plaintiffs, by their attorneys, Norman H. Lehrer, P.C., and realleges paragraphs 1-44.

46.     At all times herein there was an agreement whereby Ford Motor Credit Company sold its purported debts allegedly owed by the Krogulls to Ford Motor Credit to Triumph Credit.

47.     At all times alleged herein, the efforts of Triumph Credit to collect the alleged debt from Plaintiffs Krogull was for an unlawful debt, as said debt was extinguished as a result of a settlement which occurred in the Cook County Circuit Court in the case entitled <u>Krogull v. Ford Motor Credit Company</u>.

48.     The actions of the Defendants were willful and intentional or in reckless disregard of the rights of the Krogulls.

49.     Triumph Credit acted in combination with or in concert with Ford Motor Credit to attempt to collect the unlawful debt and therefore engaged in a civil conspiracy.

50.     Based on the above, Defendant Ford Motor Credit Company conspired with Triumph Credit to collect the debt that did not exist and thereby participated in the unlawful harassment and collection efforts against the Krogulls by Triumph Credit. This action also violated the Illinois Consumer Fraud Act (815 ILCS 505/2), as Ford Motor Credit Company was aware that this debt was not valid when sold and had been declared judicially canceled and invalid by court order. Furthermore, Triumph failed to conduct a reasonable inquiry to determine the validity of the purported debt.

51.     Based on the foregoing acts, Defendant Ford Motor Credit participated in a scheme to defraud the Krogulls out of money and caused further damages to them,

12

including their credit rating, requiring them to pay higher interest on loans, and having to pay attorneys to attempt to clear their credit rating of this debt.

52.     The conduct described above has caused the Krogulls damages, cost of defense and legal fees in defending themselves against Triumph and Ford Credit, aggravation and inconvenience, mental distress, and other incidental and consequential damages and warrants the imposition of punitive damages to deter and punish such actions by the Defendants acting in concert.

53.     This conduct described above constitutes a continuous course of conduct and Ford Motor Credit Company engages in this as a pattern and practice of selling debts that are invalid, knowing that they are invalid and causing consumers to be needlessly harassed and to incur damage.  Such a pattern by Ford Motor Credit warrants the imposition of punitive damages to deter and punish such actions.

WHEREFORE, Plaintiffs pray for the following relief against Ford Motor Credit and Triumph as follows:

A.     That Plaintiffs be awarded actual damages of at least $25,000.00;

B.     That Plaintiffs be awarded punitive damages in the sum of at least

$100,000.00 against each of the Defendants;

C.     That the Plaintiffs's attorneys be awarded legal fees and costs as provided and allowed by statute.

D.     Such other and further relief as the Court deems just and appropriate.

One of Plaintiffs' Attorneys

Norman H. Lehrer, P.C.
429 W. Wesley
Wheaton, IL 60187
630-462-0700

13

SYNCOM
5450 N.W. Central #1000
HOUSTON TX 77092
PH:    800-580-8615
FAX:   713-460-2236
HOURS : M-Th 8AM-8PM, Fri 8AM-5PM, Sat 8AM-12PM CST
------------------------------------------------------------

DAVID M KROGULL
1520 HARVEST LN
WESTMONT IL 60559

                         Re: TRIUMPH ASSET SERVICES
                         Client Account : 1140788
                         Our Account    : 701472
                         Amount of Debt : $3373.87

     10-04-05

     A claim in the amount of $3373.87 owed to TRIUMPH ASSET SERVICES
has been placed with our office for collection.  Failure to respond may
result in further actions from our company.

     Please make check or money order payable to SYNCOM.

     Unless you notify this office within 30 days after receiving this notice
that you dispute the validity of this debt or any portion thereof, this
office will assume this debt is valid.  If you notify this office in writing
within 30 days from receiving this notice, this office will: obtain
verification of the debt or obtain a copy of a judgement and mail a copy of
such judgment or verification.  If you request this within 30 days after
receiving this notice, this office will provide you with the name and
address of the original creditor, if different from the current creditor.


     This is an attempt to collect a debt by a debt collector.  Any information
obtained will be used for that purpose.

Sincerely,

Nancy Napoli
General Manager
SYNCOM





## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release is hereby made this _____ day of August, 2003, between David and Dian Krogull ("Krogulls"), and Ford Motor Credit Company ("Ford Credit"). The Krogulls and Ford Credit are referred to collectively as the "Parties."

WHEREAS, there is pending in the Circuit Court of Cook County, Illinois, an action entitled *David and Dian Krogull v. Woodfield Chevrolet and Ford Motor Credit Company, 01 L 7291*, in which the Krogulls have asserted various claims against Woodfield Chevrolet ("Woodfield") and Ford Credit. This Settlement Agreement and Mutual Release is between Plaintiffs David and Dian Krogull and Defendant Ford Credit; this Settlement Agreement and Mutual Release does not involve, affect, or compromise any claims made by the Krogulls against Defendant Woodfield.

WHEREAS, the Parties now desire to compromise and settle all claims between them:

IT IS AGREED AS FOLLOWS:

1.    As consideration for this Agreement, the Krogulls hereby release for themselves, their heirs, executors, administrators, attorneys and agents, all claims of any kind which they have asserted or could have asserted against Ford Credit, its agents, affiliates, related entities, parent corporations, subsidiary corporations, attorneys, employees, directors, officers, successors and assigns, arising out of a retail installment contract dated April 7, 1998 ("Contract"), for the purchase of a used 1989 Jeep Grand Wagoneer, VIN # 1J4GS5878KP104439, to which the Krogulls are or were a party, ~~and~~ NL

~~shall hold Ford Credit harmless with respect to any claims by others arising out of said~~



Release. This Release includes all potential claims on behalf of the Krogulls that were asserted or could have been asserted. As part of this Agreement, the Krogulls will dismiss Ford Credit with prejudice from the pending litigation.

2.      As consideration for this Agreement, Ford Credit agrees that, upon dismissal with prejudice of all claims asserted against Ford Credit on behalf of the Krogulls in the aforesaid Complaint, Ford Credit shall release, on behalf of itself, its agents, employees, assigns and attorneys, all claims of any kind Ford Credit may presently have, that were brought or could have been brought against the Krogulls which in any way arise out of the Contract. Specifically, Ford Credit shall waive, on behalf of itself and its agents, employees, assigns and attorneys, the existing deficiency in the amount of $2,732.02 remaining on the Contract and due and owing to Ford Credit by the Krogulls.

3.      Ford Credit further agrees that, as consideration for this Agreement, it agrees to request that Experian/TRW, Equifax, and Transunion remove the Ford Credit tradeline for this account. Plaintiffs understand, however, that the credit bureaus are separate and distinct entities from Ford Credit and that Ford Credit can only request, and not guarantee, that information will be amended and/or deleted and will remain amended and/or deleted from Plaintiffs' credit history as requested. Nevertheless, Ford Credit agrees that Ford Credit will confirm with the above-named entities, orally and/or in writing, that such requests were made.

4.      As consideration for this Agreement, Ford Credit agrees that, upon dismissal with prejudice of all claims on behalf of the Krogulls and dismissal with

2

prejudice of all claims which are asserted in the aforesaid Complaint, Ford Credit shall pay to the Krogulls and their attorneys the sum of $7,871.62.

5.     The Parties further agree that each party shall be responsible for, and shall not assert claims as and between each other, for any costs arising from this Litigation, including, but not limited to, attorneys fees and costs.

6.     The parties and their respective counsel agree not to disclose or cause to be disclosed, directly or indirectly, to any public or private entity or individual, any information regarding the existence or terms of this settlement.

7.     This Settlement Agreement and Mutual Release may be executed in multiple counterparts, and the counterparts, when signed and attached to each other, shall have the same force and effect as though all Parties had executed one document. Photocopies or facsimile copies of executed copies of this Settlement Agreement and Mutual Release may be treated as original. A duly authorized attorney or officer of a corporate entity may sign on behalf of a corporate entity.

8.     It is further understood and agreed that this Settlement Agreement and Mutual Release is a compromise of a dispute and is entered into for the purpose of avoiding the expense of litigation, and that any payment by a party released is not to be construed as an admission of liability on the part of that party, by whom liability is expressly denied.

9.     This Settlement Agreement and Mutual Release shall be construed and enforced in accordance with, and the rights of the Parties shall be governed by, the laws of the state of Illinois.

3

10.    The Parties agree that if any part of this Settlement Agreement and Mutual Release should be deemed invalid by law, the Parties intend that all remaining portions shall be fully enforceable.

Dated this _15_ day of August, 2003.

David Krogull

Dian Krogull

FORD MOTOR CREDIT COMPANY

By: _____

4

## IN THE CIRCUIT COURT FOR COOK COUNTY, ILLINOIS
## LAW DIVISION

David Krogull and Dian Krogull,    )
                                      )

           Plaintiffs,        )
                                      )

            v.             )        Case No. 01 L 7291
                                      )

Woodfield Chevrolet and         )
Ford Motor Credit Company,    )
                                      )

           Defendants.      )
                                      )

## JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

The parties to this action, by and through their respective undersigned counsel, hereby stipulate to the entry of an order dismissing all claims by Plaintiffs David and Dian Krogull against Defendant Ford Motor Credit Company with prejudice and without costs; said dismissal not to affect any claims pending against other defendants.

FORD MOTOR CREDIT COMPANY    DAVID AND DIAN KROGULL

By: _____    By: _____
     One of Their Attorneys          One of its Attorneys

Linda B. Dubnow              Norman Lehrer
Lisa L. Clay                  William Hutul
McGUIREWOODS LLP         Lehrer, Flaherty & Canavan, P.C.
77 W. Wacker Drive          429 Wesley
Suite 4400                 Wheaton, IL 60187
Chicago, IL  60601-1635      (630) 462-0838
(312) 849-8100
(312) 849-3690 (Fax)
Attorney I.D. No. 36849

Ex. B

SUMMONS-Small Claims

3312 (Rev. 7/97)

### UNITED STATES OF AMERICA

STATE OF ILLINOIS

COUNTY OF DUPAGE

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
### IN THE NAME OF THE PEOPLE OF THE STATE OF ILLINOIS

Triumph Credit, LLC

                Plaintiff(s)     Case No. **2006SC004957**

     Vs.

~~AMOUNT CLAIMED~~
**$3,812.18 plus costs**

David M Krogull
Dian Krogull

           Defendant(s)

File Stamp Here

### SUMMONS

To: each defendant:

    You are hereby summoned and required to appear before this Court at **505 North County Farm Road, Wheaton, Illinois** in Courtroom 1003 at 8:45 A. M. on ___ SEP 1 3 2006 ___ 20 06, to answer the complaint of the plaintiff's a copy of which is hereto attached. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

RETURN: This summons may not be served later than three (3) days before the day for appearance.

SERVE :
David M Krogull
Dian Krogull
1520 Harvest Ln.
Westmont, Illinois 60559

WITNESS: **CHRIS KACHIROUBAS** Clerk of the Eighteenth Judicial Circuit Court, and the seal there of at

AUG 1 8 2006

Dated:_____
     **CHRIS KACHIROUBAS** Circuit Court Clerk
    Clerk of the Eighteenth Judicial Circuit

### NOTICE TO PLAINTIFF:

    Parties are required to appear on the returned date. If the defendant denies the claims set for in the complaint, a future trial date will be set. The case will not be heard for trial on the date stated above.

Blitt and Gaines, P.C.

Attorney Number 22225

318 W. Adams Street, Suite 1600

Chicago, Illinois 60606

(312) 920-0620

**To The Officer:**
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.

**NOTICE TO PLAINTIFF or PLAINTIFF'S ATTORNEY:** When preparing the above **SUMMONS**, you will insert a return day not less than 14 nor more than 40 days after the date of issuance; said return day to be any weekday, Monday through Friday inclusive, except a legal holiday. **IF YOU FAIL TO APPEAR ON THE RETURN DATE, SHOWN ABOVE, YOUR CASE MAY BE DISMISSED FOR WANT OF PROSECUTION.**

Note: Public parking is available for courtroom 1000 at 479 County Farm Road's parking garage.

### CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
### WHEATON, ILLINOIS 60189-0707

CF 98-08

06-09481-0


Exhibit C

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

TRIUMPH CREDIT, LLC

Plaintiff

vs.

DAVID M KROGULL
DIAN KROGULL            Defendant

No. **2006SC004957**

Assigned To: 1003
Return Date: SEP 1 3 2006

Contract
Amount Claimed:$3,812.18
Plus court costs

**FILED**
Aug 18 2006 - 9:32 AM

*Chris Kachiroubas*
CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

### COMPLAINT

NOW COMES the Plaintiff, Triumph Credit, LLC, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1.  Plaintiff is the assignee of a certain Retail Installment Contract entered into by the Defendant(s) for the purchase of an automobile, a copy is attached to and made a part of this complaint as Exhibit A.

2.  The defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $3,462.18.

3.  After receiving all credits and setoffs, there is now due and owing from Defendant(s) to Plaintiff the sum of $3,462.18.

4.  There is further due and owing from Defendant(s), pursuant to the terms of the Retail Installment Contract, reasonable attorney fees of $350.00. Therefore, there is a total amount due and owing from Defendant(s) in the amount of $ 3,812.18.

5.  Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

WHEREFORE, Plaintiff, TRIUMPH CREDIT, LLC, prays for judgment to pay this amount and the Defendant(s) in the amount of $3,812.18 plus court costs.

_____

Blitt and Gaines, P.C.
Attorney for Plaintiff
318 W. Adams Street
Suite 1600
Chicago, IL 60606
(312) 920-0620
32887
89-CF-43

This is an attempt to collect a debt and information will be used for that purpose.



TRIUMPH CREDIT, LLC
                Plaintiff

vs.

DAVID M KROGULL
DIAN KROGULL
                Defendant

48063000000018566847

### AFFIDAVIT

I, _____Sara Rubin_____, being first duly sworn upon oath depose and state as
follows:

1. That I am an agent for the Plaintiff herein and that I have custody and control of the
files relating to this account;

2. That I have personal knowledge of all the facts and circumstances in connection with
this case;

3. That said files are maintained in the usual and ordinary course of business;

4. That this action is based upon a theory of breach of contract and that the moneys
sought are for damages alleged to have been incurred as a direct result of said breach;

5. That after allowing for all offsets and credits, there remains a balance due on
this account in the amount of $3,462.18.

6. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this ____ day of _____ May , 2006

_____
NOTARY PUBLIC

Blitt & Gaines, P.C.
Attorney for Plaintiff
318 W. Adams Street, Suite 1600
Chicago, IL 60606
(312) 920-0620
32887

KARL HERNANDEZ
Notary Public, State of New York
No. 01HE6095733
Qualified in Suffolk County
Commission Expires July 21, 2007

06-09481-0
3850-00

**ILLINOIS SIMPLE INTEREST VEHICLE RETAIL INSTALLMENT CONTRACT**     DATE 11/07/1998

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | CREDITOR (Seller Name and Address) |
|---|---|
| DAVID KROGULL      DIAN KROGULL<br>1620 HARVEST     1620 HARVEST<br>WESTMONT IL 60559     WESTMONT IL 60559 | WOODFIELD CHEVROLET & GEO, INC.<br>1400 EAST GOLF ROAD<br>SCHAUMBURG IL 60173 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price". The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

| New/Used | Year and Make | Model | Vehicle ID No. | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 89 JEEP | GRAND WAGO | | 1J4GS58T6KP104439 | Personal / Agricultural / Commercial |

Trade-In _____ Year and Make _____ Gross Allowance N/A   Amount Owed N/A

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price .......................................... $ _____ (1)
2. Downpayment .......................................... 9847.00
   - Cash Downpayment ................................. $ _____
   - (Includes Third Party Rebate Assigned To Creditor of $ 2000.00)
   - Trade-In (Description Above) ..................... $ N/A
   - Total Downpayment ............................... $ N/A (2)
3. Unpaid Balance of Cash Price (1 minus 2) ........... $ 2000.00 (3)
4. Amounts to be Paid on Your Behalf (Seller may be retaining a portion of the amounts)
   - To Public Officials
     - (i)   for license, title
       & registration fees ............................ $
     - (ii)  for filing fees ........................... $ 61.00
     - (iii) for taxes (not in Cash Price) ............. $ N/A
   - To Insurance Companies for:
     - Vehicle Insurance ............................... $ N/A
     - Credit Life Insurance ........................... $ N/A
     - Credit Disability Insurance ..................... $ N/A
   - WOODFIELD CHEV DOCUMENT FEE ...................... $ 46.05
     To _____ for ESP ........................... $ N/A
   - Total ........................................... $ 107.05 (4)
5. Amount Financed (3 plus 4) ......................... $ 7335.05 (5)

INSURANCE

YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO BUY THE CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

☐ Credit Life _____
                              Insurer
$ _____
Premium   N/A      Insured(s)

Signature(s)

☐ Credit
  Disability _____
                              Insurer
$ _____
Premium          Insured

Signature

Credit Life and Credit Disability Insurance are for the term of the contract. The amount and coverage are shown in a notice or agreement given to you on this date. Any credit insurance which you buy may be cancelled within 15 days of the date of this contract. To do so, send a written request to the Assignee named below, signed by you, any Co-Buyer, and any Guarantor. Upon cancellation, the entire charge for the Credit Insurance shall be refunded or credited to you.

You are required to insure the vehicle. If a charge is shown below, the Creditor will try to buy the coverages checked for the term shown. Coverages will be based on the cash value of the vehicle at time of loss, but not more than the limits of the policy.

☐ Comprehensive  ☐ $ _____ Deductible
                                    N/A  Collision
☐ Fire-Theft-Combined Additional Coverage
☐ Towing and Labor
☐ Term _____ Months (Balance)
Premium $ _____

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ 2000.00 |
|---|---|---|---|---|
| 21.00 % | 2424.59 | 7335.05 | 10110.74 | 10110.74 |

| Payment Schedule – No. of payments | Amount of Each payment | When Payments are due |
|---|---|---|
| Your payment schedule will be: 29 / 1 final | $ 347.02<br>$ 347.02 | monthly starting<br>07-DEC-98 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.

**Late Payment:** You must pay a late charge on the portion of each payment received more than 10 days late. The charge is 5% of that late amount.

**Security Interest:** You are giving a security interest in the vehicle being purchased.

**Contract:** Please see the contract for additional information on security interest; nonpayment; default; the right to require repayment of your debt in full before the scheduled date; and prepayment penalties.

**COMMERCIAL USE CONTRACTS:** If you purchased the vehicle for commercial use, you must pay a late charge on the portion of each payment received more than 10 days late of 7.5% of the late amount or $50.00, whichever is less.

Any change to this contract must be in writing and signed by you and the Creditor.

BUYER X _____   Co-Buyer X _____

### NOTICE TO THE BUYER

1. Do not sign this agreement before you read it or if it contains any blank spaces.
2. You are entitled to an exact copy of the agreement that you sign.
3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

Buyer acknowledges receipt of a true and completely filled in copy of this contract at the time of signing.

**RETAIL INSTALLMENT CONTRACT**

BUYER X _____   JOINT BUYER NAME _____

By signing below, the assignment conditions above are accepted by the seller and the Assignee upon the terms set out in a separate assignment about to complete the seller assignment to Assignee Company.

WOODFIELD CHEVROLET & GEO _____   BY _____

DOCUMENT FEE. A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE.

THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 1998, WAS $40. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $40 WHICH, WILL BE SUBJECT TO AN ANNUAL ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

ACCORDING TO THE OFFICE OF THE ILLINOIS ATTORNEY GENERAL, CONSUMER FRAUD BUREAU, THE MAXIMUM ALLOWABLE DOCUMENT FEE FOR THE CALENDAR YEAR IS $ _____ 1998
                    46.05

QUESTIONS?
PLEASE CALL US AT 1-800-727-7080
96-003

BRANCH COPY

## ADDITIONAL AGREEMENTS

A. Payments: You must make all payments when they are due. You may prepay your debt at any time without penalty. This is a simple interest contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding.

B. Security Interest: You give the Creditor a security interest in:

1. The vehicle and all parts or other goods put on the vehicle;
2. All money or goods received for the vehicle; and
3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe in this contract. It also secures your other agreements in this contract.

C. Use of Vehicle - Warranties: You must take care of the vehicle and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. If the vehicle is of a type normally used for personal use and the Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties.

D. Insurance: You must insure yourself and the Creditor against loss or damage to the vehicle. The Creditor must approve the type and amount of insurance. If a charge for vehicle insurance is shown on the front, the Creditor will try to buy the coverage checked for the term shown. The Creditor is not liable, though, if he can not do so. If these coverages cost more than the amount shown for insurance, the Creditor may buy them for a shorter term or he may give you credit for the amount shown. If he cannot buy insurance, he will give you credit for the amount shown. If the Creditor obtains a refund on insurance or service contracts, the Creditor will subtract the refund from what you owe. The credit will be made to the last payments due. Whether or not the vehicle is insured, you must pay for it if it is lost, damaged, or destroyed.

E. Late Payments: You must pay any cost paid by the Creditor to collect any late payment, as allowed by law. Acceptance of a late payment does not excuse your default or mean that you can keep making payments after they are due. The Creditor may take the steps set forth below if there is any default.

F. Default: You will be in default if:

1. You do not make any payment when it is due; or
2. You gave false or misleading information on your application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other agreement in this contract.

If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge, and all other amounts due under this contract. He may repossess (take back) the vehicle, too. He may also take goods found in the vehicle when repossessed and hold them for you.

If the vehicle is taken back, he will send you a notice. The notice will state that you may redeem (buy back) the vehicle. It will also show the amount needed to redeem and your right, if any, to cure the default. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not cure the default, where allowed by law, or redeem the vehicle, it will be sold.

The money from the sale, less the allowed expenses, will be used to pay the amount still owed on this contract. Allowed expenses are those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Lawyers' fees and legal costs permitted by law are allowed, too. If there is any money left (a surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay the amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

G. General: To contact Ford Motor Credit Company about this account, call 1-(800) 727-7000. The law of Illinois applies to this contract. If that law does not allow all of the agreements in this contract, the ones that are not allowed will be void. The rest of this contract will still be good.

---

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.*

Used Motor Vehicle Buyers Guide. If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

*Does not apply if purchased for commercial (not including agricultural or professional) use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claim, defense, or rebate which you may have against the Seller or manufacturer of the vehicle.

NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR CREDIT DISABILITY INSURANCE PREMIUM -
(1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, OR YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY.
(2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.

---

| GUARANTY |
|---|
| Guarantor _____ Address _____ |
| I hereby guarantee the collection of the above described amount upon failure of the seller named herein to collect said amount from the buyer named herein. |

FC 170xxx xl 6x-98

