IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID AND DIAN KROGULL, | ) | |
| | ) | |
| Plaintiffs, | ) | No.  08 C 643 |
| | ) | |
| v. | ) | Judge Andersen |
| | ) | |
| TRIUMPH CREDIT, LLC, SYNCOM AND | ) | Magistrate Judge Cox |
| FORD MOTOR CREDIT COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

FORD MOTOR CREDIT COMPANY'S RESPONSE TO
PLAINTIFFS' COMPLAINT

Ford Motor Credit Company, ("Ford Credit"), by its undersigned attorney, states as its

response to the Complaint as follows:

INTRODUCTION

1.    Plaintiffs David Krogull and Dian Krogull bring this action against
Defendants for violation of the Fair Debt Collections Practices Act,
Illinois Consumer Fraud Act, and other claims as the Defendants
have pursued collection against the Krogulls on a false debt after
the debt was released by Ford Motor Credit Complaint (sic), and
the Defendants engaged in unfair debt collection practices by
misrepresenting the debt and itself.  Plaintiffs  bring this action
against Ford Motor Credit Company based on the Defendant's false
misrepresentation that they are indebted to the Defendants and for
fraudulent initiation of a lawsuit and slander of credit, and other
claims.

Answer:    Ford Credit admits that the Krogulls have made those claims.  Ford Credit denies

any and all liability to the Krogulls.

JURISDICTION AND VENUE

2.    The jurisdiction of the United States District Court is based on 28
U.S.C. 1331 (Federal Question Jurisdiction) and 15 U.S.C. 1692
(Fair Debt Collection Practices Act), and there is a common
nucleus of facts between the federal question claims arising under

the Federal Fair Debt Collection Practices Act and the pendent state
actions for common law fraud, consumer fraud, civil conspiracy
and slander of credit.  This Court has supplemental jurisdiction
over the state claims under 28 U.S.C. 1367.

Answer:        Ford Credit admits that this Court has jurisdiction of the Krogulls' claims

3.        Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as
the acts and transactions that give rise to this action occurred, in
substantial part, in this District.

Answer:        Ford Credit denies that the acts which give rise to the Krogulls' claims occurred in

this District.

4.        Venue is also proper in this District since the Defendants can be
found, have agents, or transact business in this District.

Answer:        Ford Credit admits that venue is proper as to it in this District.  Ford Credit does

not possess sufficient information in order to form a belief as to whether venue is proper in this

District as to the other defendants.

<u>PARTIES</u>

5.        David Krogull and Dian Krogull are citizens of the State of Illinois
and of the United States who resides within this District.  Gros (sic)
was previously a party to an action in the Circuit Court of DuPage
County entitled *Krogull  v. Ford Motor Credit Company*, Case No.
01 L 7291.

Answer:        Ford Credit has been informed, and therefore believes that the Krogulls are  a

residents of the State of Illinois and that they are citizens of the United States.  Ford Credit also

admits that Gros was a party to a case in the Circuit Court of DuPage County but denies that the

title and case number set forth in this paragraph is correct.  Ford Credit further denies that the

Krogulls were party to an action in the Circuit Court of DuPage County.  Ford Credit does admit

that the Krogulls were previously party to an action in the Circuit Court of Cook County with the

2

same title and case number as set forth above.

6.      The Krogulls are "consumers" as that term is defended by Section
1692(a)(3) of the Fair Debt Collection Practices Act (hereafter
"FDCPA") in that the alleged debt that Defendants sought to
collect from them is a consumer debt, purportedly owed to Ford
Motor Credit Company.

Answer:      Admitted.

7.      Upon information and belief, Defendant Triumph Credit, LLC
d/b/a Triumph and Syncom have their principal place of business
located in Houston, Texas.

Answer:      Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

8.      Upon information and belief, Triumph and Syncom are both
corporations regularly engaged in the collection of debts allegedly
owed by consumers, and does so for a profit.

Answer:      Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

9.      Upon information and belief, Defendant Syncom is a Texas
corporation regularly engaged in the collection of debts owed by
consumers, and does so for a profit.

Answer:      Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

10.     Syncom and Triumph Asscrt (sic) Services d/b/a Triumph Credit,
LLC, are debt collectors as defined by Section 1692(a)(6) of the
FDCPA.  Syncom is a debt collection firm in Houston, Texas.

Answer:      Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

FACTUAL ALLEGATIONS

3

11.     Sometime after August 15, 2003, Plaintiffs received a debt
collection letter.  A copy of same is attached hereto as Exhibit "A".

Answer        Ford Credit admits that there is a document attached as Exhibit A to the Complaint

and denies any factual allegations inconsistent with that document.

12.     Shortly thereafter, Plaintiff began to receive phone calls at various
hours of the day from Syncom and/or Triumph demanding payment
of the debt, and informing Plaintiff that the Defendant Triumph was
the lawful owner of a debt under a Retail Installment Contract,
formerly owed to Ford Motor Credit Company, and which was
purchased by Triumph.  Syncom identified the original creditor in
its debt collection letter as "Ford Credit" and the current owner as
Triumph Asset Services.  Plaintiffs informed Syncom and Triumph
on the telephone between October 4, 2005 and August 18, 2006,
that they owed no debt to Ford Motor Credit Company and
disputed the debt's existence.  Plaintiffs were informed orally
Syncom that Ford Motor Credit no longer was the "owner of the
debt:, but that Triumph was entitled to collect the debt.

Answer:        Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

13.     Plaintiffs disputed the debt orally and explained that the debt was
released as a result of a lawsuit concluded in 2003.  Defendant
Syncom informed Plaintiffs that it was going to collect this debt
and ignored Plaintiff's protestations, and threatened to ruin their
credit.

Answer:        Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

14.     Defendant Syncom informed Plaintiff it would hire an attorney to
collect the account and that litigation against the Krogulls and their
assets would commence.  Defendant Syncom represented to the
Krogulls that it was collecting a debt owed to Triumph Asset
Services and the original creditor was Ford Credit.  A copy of this
letter is attached hereto as Exhibit "A".

Answer:        Ford Credit admits that there is a document attached as Exhibit A and  lacks

4

information or knowledge sufficient to form a belief as to the truth of the remaining allegations,

and therefore denies them.

15.    In fact, the debt or alleged debt in question had been released by
Ford Motor Credit Company with respect to the debt in question in
a case entitled *Krogull v. Ford Motor Credit Company,* Case No.
01 L 7291.  Ford Motor Credit Company appeared in that suit by its
counsel, and a release was thereafter entered into on Ford Motor
Credit's alleged debt and Ford Motor Credit paid the Krogulls
$7,871.61.  A copy of the release is attached hereto as Exhibit "B".

Answer:    Ford Credit admits that there is a document attached as Exhibit B to the Complaint

and denies any factual allegations inconsistent with that document.  Ford Credit denies that the

allegations correctly state the title of the case in state court.  Ford Credit admits that it was

represented by counsel

16.    The Defendant Syncom and Triumph:

A.    falsely represented to the Krogulls that the Krogulls
were  indebted to Triumph;

B.    falsely represented it would file a lawsuit when it
had no right to do so;

C.    falsely misrepresented that it would collect the debt
from Plaintiff's assets.

Answer:    Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

CLAIMS FOR RELIEF

COUNT I
Violation of FDCPA by Syncom

The allegations contained in this Count are directed to another defendant and, therefore,

Ford Credit need to respond to them.

5

<u>COUNT II</u>
Consumer Fraud - Ford Credit

21.    David Krogull and Dian Krogull are individuals and citizens of the
        United States and State of Illinois.

Answer:    Ford Credit admits that it has been informed, and therefore believes that the

Krogulls are residents of Illinois and citizens of the United States.

22.    Ford Motor Credit Company is a corporation in the business of
        financing automobile purchases and leases among other things
        through a system of authorized dealerships it engaged in business
        with.

Answer:    Ford Credit admits that it purchases installment sales contracts and leases from

dealerships and denies any other allegation contained in this paragraph.

23.    On April 17, 1998, the Plaintiffs, David Krogull and Dian Krogull,
        entered into a Retail Installment Contract with Woodfield
        Chevrolet, a car dealership in Schaumburg, Illinois, and Ford
        Motor Credit Company, relating to a 1989 Jeep Grand Cherokee.
        Litigation later ensued relative to the car in Cook county, Illinois,
        as case no. 01 L 7291. The Circuit Court of Cook County
        Conducted a pretrial on the case, and the case against Ford Motor
        Credit was settled and Ford Credit released any claim for debt it
        had against the Krogulls on August 15, 2003.

Answer    Ford Credit admits that the Krogulls entered in to a contract which was

subsequently assigned to Ford Credit. Ford Credit also admits that it entered in to a settlement

agreement and denies any allegations contained in this paragraph which are inconsistent with that

agreement.

24.    Ford Motor Credit Company had actual knowledge as of August
        15, 2003 that it had no right to collect any funds from the Krogulls
        with respect to the Krogulls' account relating to the 1989 Jeep
        Cherokee. Ford Motor Credit Company had appeared in the Cook
        County litigation with the Krogulls and had actual knowledge as of
        August 15, 2003 that it had no right to collect any funds from the
        Krogulls with respect to the 1989 Jeep Grand Cherokee. Ford

6

Motor Credit had appeared in the Cook County litigation with the Krogulls and had actual knowledge and notice Ford Motor Credit Company falsely represented to Midland Funding LLC that Gros (sic) was in debt to Ford Motor Credit and knowing full well with reasonable certainty that Triumph would attempt to collect the debt from the Krogulls. This was an unfair and deceptive act by Ford Motor Credit Company. Ford Motor Credit Company sold a debt that it misrepresented to Triumph as valid and lawful, knowing that the misrepresentation of the debt as a lawful debt would be repeated, and a continuing misrepresentation by Triumph, who would attempt to collect the debt from the Plaintiffs. This was an unfair and deceptive act by Ford Motor Credit Company.

Answer        Ford Credit objects to this paragraph as containing confusing and unintelligible

allegations. Ford Credit further states that to the extent that the allegations contained in this

paragraph are deemed to contain allegations of fact, Ford Credit denies them and to the extent

that the allegations contained in this paragraph are deemed to be mere conclusions of law, Ford

Credit need not either admit or deny them.

25.    At all times, there was in effect in the State of Illinois a statue known as the Illinois Consumer Fraud and Deceptive Business Practices Act, (815 ILCS 505/2).

Answer:        Admit

26.    Defendant Ford Motor Credit Company was at all time engaged in trade and commerce and knew Triumph would attempt to collect the debt.

Answer:        To the extent that the allegations contained in this paragraph are conclusions of

law Ford Credit need not either admit or deny them. To the extent that the allegations contained

in this paragraph are deemed to be allegations of fact, Ford Credit denies them.

27.    On information and belief, and as a continuing representation on or before 8-18-06, Ford Motor Credit Company, by its agents and employees, made the following continuing representations to Triumph Credit LLC, knowing these representations would be repeated, and would cause collection efforts by Triumph and

7

Syncom against the Krogulls.

A.    That it was the lawful owner of an indebtedness of $3,812.18 that the Krogulls owed to it;

B.    That it had the right to sell that debt to Triumph and Syncom;

C.    Concealed that the Circuit Court of Cook County had released the debt by settlement agreement;

D.    Syncom and Triumph attempted repeatedly to collect the alleged debt from the Krogulls;

E.    Ford Credit unfairly reported the alleged debt to various credit reporting agencies, damaging the Krogulls' credit.

F.    Triumph initiated a lawsuit against the Krogulls on 8-16-06 in the Circuit Court of DuPage County as case no. 06 SC 4957, which was dismissed with prejudice (see Summons and Complaint attached as Exhibits "C" and "D").

Answer:    Ford Credit lacks information or knowledge sufficient to form a belief as to the truth of these allegations contained in sub paragraph D, and therefore denies them. Ford Credit admits that there are documents attached as Exhibits C and D to the Complaint and denies any factual allegations inconsistent with that documents. Ford Credit denies the remaining allegations contained in this paragraph.

28.    The above representations and/or omissions set forth above were made with the intent that they would be relied upon.

Answer:    Ford Credit denies that it made any representations or omissions and, therefore, denies the allegations contained in this paragraph.

29.    The above representations and/or omissions as set forth above were false and untrue, or Ford Motor Credit Company and Syncom and Triumph committed unfair acts and reckless acts when the

8

representations were made as follows:

A.     The Circuit Court of Cook County had ruled that the Krogulls had no indebtedness to Ford Motor Credit Company by settlement in August, 2003;

B.     Ford Motor Credit Company had no right to collect the alleged debt, sell the alleged debt, or do anything else with the debt to prejudice the Krogulls, as the debt was ruled invalid and dismissed;

C.     The Krogulls had been found by the Circuit Court of Cook County not to be indebted to Ford Motor Credit Company and as such the sale of the debt to Triumph was a fraudulent concealment and an unlawful act.

D.     Neither Ford Credit nor Triumph nor Syncom had the right to collect the debt.

Answer:     Ford Credit denies that it made any representations or omissions and, therefore, denies the allegations contained in this paragraph.

30.     Ford Motor Credit's and Triumph's acts are violations of public interest statutes, and misrepresentations and concealments in violation of the Illinois Consumer Fraud Act, and other laws, and have an impact on consumers generally, and have a potential for repetition.  Ford Motor Credit has been engaged in a pattern of fraud in the financing of the lease and alleged debt with respect to the vehicle.

Answer:     Ford Credit denies each and every allegation contained in this paragraph.

31.     The actions of Ford Motor Credit and Syncom and Triumph are injurious to the public and the Krogulls and part of a pattern of misconduct.  The actions of Ford Motor Credit and Triumph and Syncom are one or more of the following:

A.     The sale of an invalid debt to a debt collector knowing it will be collected by the debt collector;

B.     The flagrant refusal to report or honor the lawful settlements, rulings and order of courts of law in the

9

State of Illinois to the level of open contempt of the
rulings;

C.   The continued mistreatment of a Ford Motor Credit
customer ;

Answer:      Ford Credit denies each and every allegation contained in this paragraph.

32.   As a result of Defendant Ford Motor Credit's and Syncom's and/or
Triumph's fraudulent actions, the Defendant has caused the
Plaintiffs damages and has caused continuing attempts to collect,
harass, and dun the Plaintiffs for money they do not owe, and has
caused out-of-pocket expenses, legal fees, loss of time, aggravation
and inconvenience and emotional distress, and these damages are
continuing.

Answer:      Ford Credit denies each and every allegation contained in this paragraph.

33.   The conduct set forth above constitutes unfair and deceptive
conduct by the Defendant in violation of the Illinois Consumer
Fraud and Deceptive Business Practices Act (815 ILCS 505/2).

Answer:      Ford Credit denies that it violated any law, and therefore denies the allegations

contained in this paragraph.

WHEREFORE, Ford Credit prays for the entry of an order dismissing this Count II of the

Second Amended Complaint for its failure to state a cause of action for which relief could be

granted and for such further and additional relief as this Court deems right and just.

<u>COUNT III</u>
Common Law Fraud - Ford Credit

This claim is the subject of a motion to dismiss.

10

<u>COUNT IV</u>
Common Law Slander - Ford Credit

This claim is the subject of a motion to dismiss.

<u>COUNT V</u>
Civil Conspiracy - Triumph and Ford Credit

This claim is the subject of a motion to dismiss.

FORD MOTOR CREDIT COMPANY


/s/ Mary K. Schulz
One of its attorneys



Mary K. Schulz, 6183773
Schulz Law, P.C.
35 E Wacker Drive, Suite 650
Chicago, IL 60601
312.546-5146

11

<u>CERTIFICATE OF SERVICE</u>

      I, the undersigned attorney, certify that on February 14, 2008 I electronically filed the

foregoing **Response to Complaint** with the Clerk of the Court using the CM/ECF system, which

sent notification of such filing to the following:

| | |
|---|---|
| Norman H. Lehrer, | William George Hutul |
| normanhlehrer@yahoo.com | normanhlehrer@yahoo.com |
| 429 Wesley | 429 Wesley |
| Wheaton, IL 60187 | Wheaton, IL 60187 |
| 630.462-0700 | 630.462-0700 |
| 630.462-0838 | 630.462-0838 |

                            /s/ Mary K. Schulz
                            Mary K. Schulz