IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID AND DIAN KROGULL, | ) | |
| | ) | |
| Plaintiffs, | ) | No.   08 C 643 |
| | ) | |
| v. | ) | Judge Andersen |
| | ) | |
| TRIUMPH CREDIT, LLC, SYNCOM AND | ) | Magistrate Judge Cox |
| FORD MOTOR CREDIT COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

FORD MOTOR CREDIT COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION TO STRIKE

Ford Motor Credit Company, ("Ford Credit"), by its undersigned attorney, states as its response to Plaintiffs' Motion to Strike as follows:

Introduction

The Plaintiffs, David and Dian Krogull, (the "Krogulls") have filed two mutually exclusive motions. One motion is to extend the time in which they have to respond to Ford Credit's Motion to Dismiss, (the "Motion for Time") and the second motion is a motion to strike Ford Credit's Motion to Dismiss, (the "Motion to Strike"). How can the Krogulls on the one hand ask for more time to respond to a motion they, on the other hand, seek to strike?

Despite the contradictory nature of the Krogulls' motions, the Motion to Strike lacks merit and should be denied.

Argument

I.   Ford Credit's Motion to Dismiss Is Not Based On Another District Court Opinion

The Motion to Strike broadly states that much of Ford Credit's argument in the Motion to Dismiss is based on the ruling of Judge Holderman in the case of William Gros v. Midland Credit

<u>Management and Ford Motor Credit Company</u>, 06 C 5510, (the "Gros Case").  The Motion to Strike fails to specify which arguments made by Ford Credit rely on the ruling in the Gros Case.

The Memorandum of Law filed by Ford Credit in support of its Motion to Dismiss contains numerous case cites in support of its legal arguments.  Even the portion of the argument based most on Judge Holderman's ruling in the Gros Case, the portions cited are themselves cite to controlling 7th Circuit opinions or state court rulings.  <u>See</u> pg 6 of the Memorandum of Law.  There is not a single instance in Ford Credit's Motion to Dismiss that relies only on the opinion of Judge Holderman in the Gros Case.

In its Motion to Dismiss Ford Credit does not argue that this Court is bound by the rulings made by Judge Holderman in the Gros Case.  The Gros Case is pertinent to this case for several reasons.  The Krogulls' complaint refers to Gros in at least one place instead of the Krogulls.  It is obvious that the Krogulls' complaint is taken, almost word for word, from the complaint in the Gros case.  The arguments made by Ford Credit in this case, along with the supporting cases, are the same arguments and cases cited by Ford Credit in the Gros Case.  Judge Holderman's opinion in the Gros Case contains controlling authority which was not cited by Ford Credit.

Judge Holderman's opinion from the Gros Case is not controlling on this Court.  However, the opinion is informative and of value.  It is offered by Ford Credit or those purposes.

II.     <u>Ford Credit's Citing of Another District Court Opinion is Not Improper</u>

The Motion to Strike misstates the holdings of the cases it cites.[1]  In the oldest case cited by the Krogulls, <u>Anderson v. Romero</u>, 72 F.3d 518, 525, (7th Cir. 1995), the 7th Circuit stated that

---

[1] The cases cited in the Motion to Strike fail to state the page for the language cited, a failing noted by Judge Holderman in his opinion in the Gros Case.  <u>See</u> pg. 2 of Ex. B of the Memorandum of Law in Support of the Motion to Dismiss.

a district court decision could not establish a constitutional right. The Court goes on to state: "They [the district court decisions] are evidence of the state of the law. Taken together with other evidence, they might show that the law had been clearly established." Id. This language is clearly not a ban on the citing of district court cases or opinions. It is, in fact, supportive of the fact that a district court opinion may be considered by another district court as persuasive, if not controlling.

The next oldest case cited by the Krogulls is also not helpful to their argument. In Old Republic Insurance Company v. Chuhak & Tecson, P.C. 84 F.3d 998, 1003, (7th Cir. 1996) the 7th Circuit's opinion once again confirmed the right to cite other district court cases. In that case, the Court held that Old Republic's ". . .reliance on an unreversed district judge's decision in a closely related and in fact nearly identical case will rarely be open to an accusation of having acted in bad faith" Id. at 1004.

In this case, the Krogulls' complaint against Ford Credit is so similar to the claims in the Gros Case, the Krogulls' complaint contains erroneous reference to Gros in place of the Krogulls. Certainly the holding in the Old Republic case supports Ford Credit's reference to the opinion entered in the Gros Case.

The most recent of the cases cited by the Krogulls, Howard v. Wal-Mart Stores, Inc., 160 F.3d 358, 359, (7th Cir. 1998) also fails to support the Krogulls argument. In Howard the 7th Circuit opinion merely reminds the attorneys for Wal-Mart that district court cases do not have precedential authority. Id. The case does not say that district court cases cannot be cited for any reason, as asserted by the Krogulls. In fact, none of the cases cited by the Krogulls strike or even refuse to consider the district court cases cited. Each of the cases merely state that the district

court cases have not binding authority.

As stated above, Ford Credit's arguments in its Motion to Dismiss, do not rely on the opinion entered by Judge Holderman in the Gros Case. It is properly cited for its persuasive value in light of the nearly identical allegations in the two cases.

## Conclusion

The Motion to Strike is not well founded. The cases cited in support do not, in fact support the argument made. The Krogulls have not cited any case which makes the reference to a district court case improper or the basis for striking a pleading.

The Krogulls' Motion to Strike should be denied and they should be ordered to respond to the Motion to Dismiss.

                                        FORD MOTOR CREDIT COMPANY


                                        /s/Mary K. Schulz
                                        One of its attorneys

Mary K. Schulz, 6183773
Schulz Law, P.C.
35 E. Wacker Drive, Suite 650
Chicago, IL 60601
312.546-5146

CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on March 21, 2008 I electronically filed the foregoing **Response to Motion to Strike** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Norman H. Lehrer,
normanhlehrer@yahoo.com
429 Wesley
Wheaton, IL 60187
630.462-0700
630.462-0838

William George Hutul
normanhlehrer@yahoo.com
429 Wesley
Wheaton, IL 60187
630.462-0700
630.462-0838

/s/ Mary K. Schulz
Mary K. Schulz