IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID AND DIAN KROGULL,        )
        )
        Plaintiffs,        )        No.  08 C 643
        )
        v.        )        Judge Andersen
        )
TRIUMPH CREDIT, LLC, SYNCOM AND        )        Magistrate Judge Cox
FORD MOTOR CREDIT COMPANY,        )
        )
        Defendants        )

FORD MOTOR CREDIT COMPANY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS COUNT III
OF PLAINTIFFS' AMENDED COMPLAINT

Ford Motor Credit Company, ("Ford Credit"), by its undersigned attorney, states as its

memorandum of law in support of its motion to dismiss Count III of the Plaintiffs' Amended

Complaint as follows:

Introduction

Count I of Plaintiffs' Amended Complaint is directed to Syncom, and is not the subject of

this motion to dismiss.  Count II of Plaintiffs' Complaint is a claim against Ford Credit under the

Illinois Consumer Fraud and Deceptive Practices Act, (the "Act"), 815 ILCS 505/2, *et seq.*.  It is

also not the subject of this motion to dismiss.

Count III is a claim against Ford Credit alleging slander of credit.   The allegations in

Count III against Ford Credit fail to state a claim for which relief can be granted because they are

time barred.  Furthermore, a dismissal, with prejudice,  is appropriate because the Plaintiffs

cannot present any facts which would state a claim against Ford Credit.  The test to be applied on

a motion to dismiss for failure to state a claim is whether it appears beyond doubt that plaintiff

can prove no set of facts in support of his claim which would entitle him to relief.  Vickery v.

<u>Jones</u>, S.D.Ill.1994, 856 F.Supp. 1313, affirmed 100 F.3d 1334, certiorari denied 117 S.Ct. 1553, 520 U.S. 1197, 137 L.Ed.2d 701

<u>Argument</u>

I.      Plaintiffs' Amended Complaint Fails To State A Claim For Common Law Slander of Credit Against Ford Credit

Count III of David and Dian Krogull's, (the "Krogulls"), Amended Complaint alleges common law slander of credit against Ford Credit.  The essence of the Krogulls' claim against Ford Credit is contained in paragraphs 38 and 39 of Count III.  A copy of the Amended Complaint is attached hereto as Exhibit A and made a part hereof.  The Krogulls claim that Ford Credit sold an alleged debt to Triumph Credit ". . . on or before August 18, 2006".  <u>See</u> Exhibit A, para. 37.

The Illinois Code of Civil Procedure states that any action for defamation or  slander must be commenced within one year of the date that the cause of action accrued.  735 ILCS 5/13-201.  This statute of limitations applies to common law slander of credit.  <u>Dornhecker v. Ameritech</u>, 99 F.Supp.2d 918, 932, (N.D.Ill. 2000).

The Krogulls claim that they received a letter dated October 4, 2005 from Syncom.  <u>See</u> Exhibit A, para. 11.  They also state that between October 4, 2005 and August 18, 2006 they had numerous conversations with Syncom.  The Krogulls claim that through those conversations they learned that Defendant Triumph purchased the debt owed by the Krogulls to Ford Credit.  <u>See</u> Exhibit A, para. 12.  Furthermore, on August 18, 2006 Triumph Credit LLC filed a complaint against the Krogulls to collect the debt.  <u>See</u> Exhibit A para 14.  They claim damages in the form of legal fees incurred in defending that action.  <u>See</u> Exhibit A para 21.  Therefore, on or before August 18, 2006 the Krogulls knew that Ford Credit had sold its debt to Triumph Credit LLC.

2

Paragraph 39 of the Amended Complaint states that the sale of the debt by Ford Credit was defamatory and the cause of the Krogulls alleged damages.  See Exhibit A para. 39.

The Krogulls filed their original complaint in this matter on January 30, 2008, one and a half years after the very latest date that they knew about the sale of the debt by Ford Credit.

The claims found in Count III of the Amended Complaint were brought more than twelve months after the date that the cause of action accrued and more than twelve months after the Krogulls had actual knowledge of the cause of action.  Therefore, the claims made in Count III of the Amended Complaint are barred by the running of time and should be dismissed.

II.      Count III of the Amended Complaint Should be Dismissed With Prejudice

As stated above, the test to be applied on a motion to dismiss for failure to state claim is whether it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Vickery v. Jones, S.D.Ill.1994, 856 F.Supp. 1313, affirmed 100 F.3d 1334, certiorari denied 117 S.Ct. 1553, 520 U.S. 1197, 137 L.Ed.2d 701.

The Plaintiffs in this case cannot state any set of facts which would overcome their affirmative statements of knowledge of their cause of action more than twelve months before this action was commenced.  Therefore, Count III of the Amended Complaint should be dismissed with prejudice.

<u>Conclusion</u>

It is clear from the Krogulls' own statements that they were aware of the alleged cause of action against Ford Credit for defamation and slander of credit more than one year before the filing of this action.  It is not a question of discovery or lack of knowledge.  The Krogulls were apparently represented by counsel in the state court action brought by Syncom.  They cannot

claim lack of knowledge about the defamation and slander of credit action they belatedly now

seek to bring in this action.

For the reasons set forth above, Ford Credit prays for the entry of an order dismissing

Counts III of the Amended Complaint with prejudice and for such further and additional relief as

this Court deems right and just.

FORD MOTOR CREDIT COMPANY


_____/s/ Mary K. Schulz_____
One of its attorneys

Mary K. Schulz, 6183773
Schulz Law, P.C.
35 E Wacker Drive, Suite 650
Chicago, IL 60601
312.546-5146

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, certify that on May 19, 2008 I electronically filed the

foregoing **Memorandum of Law in Support of Motion to Dismiss** with the Clerk of the Court

using the CM/ECF system, which sent notification of such filing to the following:

Norman H. Lehrer,                      William George Hutul
normanhlehrer@yahoo.com        normanhlehrer@yahoo.com
429 Wesley                            429 Wesley
Wheaton, IL 60187                Wheaton, IL 60187
630.462-0700                       630.462-0700
630.462-0838                       630.462-0838

                                          _____/s/ Mary K. Schulz_____
                                          Mary K. Schulz

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| David & Dian Krogull | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 08 -cv-00643 |
| | ) | |
| Triumph Credit, LLC, | ) | |
| Syncom, and | ) | |
| Ford Motor Credit Company, | ) | |
| Defendant | ) JURY TRIAL DEMANDED | |

### AMENDED COMPLAINT FOR VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT AND OTHER CLAIMS

Now come the Plaintiffs, David & Dian Krogull, by their attorneys, Norman H. Lehrer, P.C., and file their Complaint against Defendants, and state and allege as follows:

### INTRODUCTION

1.      Plaintiffs David Krogull and Dian Krogull bring this action against Defendants Syncom and Triumph Credit, LLC, for violation of the Fair Debt Collection Practices Act, as the Defendants have pursued collection against the Krogulls on a false debt after the debt was released by Ford Motor Credit Complaint, and Plaintiffs informed Syncom that the debt was released.  The Defendants engaged in unfair debt collection practices by misrepresenting the debt and itself and filed a collection suit against Plaintiffs after they disputed the debt.  Plaintiffs bring this action against Ford Motor Credit Company based on the Defendant's unfair acts in selling a debt that was released.

### JURISDICTION AND VENUE

2.      The jurisdiction of the United States District Court is based on 28 U.S.C. 1331 (Federal Question Jurisdiction) and 15 U.S.C. 1692 (Fair Debt Collection Practices Act), and there is a common nucleus of facts between the federal question claims arising

under the Federal Fair Debt Collection Practices Act and the pendent state actions for

consumer fraud and slander of credit. This Court has supplemental jurisdiction over the

state claims under 28 U.S.C. 1367.

       3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as the acts

and transactions that give rise to this action occurred, in substantial part, in this District.

       4.      Venue is also proper in this District since the Defendants can be found,

have agents, or transact business in this District.

## PARTIES

       5.      David Krogull and Dian Krogull are citizens of the State of Illinois and of

the United States who reside within this District. The Krogulls were previously a party to

an action in the Circuit Court of Cook County entitled *Krogull v. Woodfield Chevrolet*

*and Ford Motor Credit Company*, Case No. 01 L 7291.

       6.      The Krogulls are "consumers" as that term is defined by Section

1692(a)(3) of the Fair Debt Collection Practices Act (hereafter "FDCPA") in that the

alleged debt that Defendants sought to collect from them is a consumer debt, purportedly

owed to Ford Motor Credit Company.

       7.      Upon information and belief, Defendant Triumph Credit, LLC d/b/a

Triumph and Syncom have their principal place of business located in Houston, Texas.

       8.      Upon information and belief, Triumph is a corporation regularly engaged

in the credit industry and in the collection of debts allegedly owed by consumers, and

does so for profit. Triumph Credit employed and authorized Syncom to act as its debt

collector and to collect the alleged debt from the Krogulls. Syncom engaged in debt

collection attempts for Triumph Credit, as its agent.

2

9.    Upon information and belief, Defendant Syncom is a Texas corporation which regularly engaged in the collection of debts owed by consumers and does so for profit.

10.    Syncom and Triumph Credit are debt collectors as defined by Section 1692(a)(6) of the FDCPA. Syncom contacted the Krogulls by letter at their home in Westmont by mail. Syncom is a debt collection firm in Houston, Texas. Syncom took actions against the Krogulls to collect an alleged debt Ford Credit sold to Triumph Credit, and Syncom wrongfully filed a lawsuit against the Krogulls to collect the alleged debt.

## FACTUAL ALLEGATIONS

11.    Sometime after August 15, 2003, Plaintiffs received a debt collection letter. A copy of same is attached hereto as Exhibit "A". The letter is dated October 4, 2005.

12.    Shortly thereafter, Plaintiff began to receive phone calls at various hours of the day from Syncom demanding payment of the debt, and informing Plaintiff that the Defendant Triumph was the lawful owner of a debt under a Retail Installment Contract, formerly owed to Ford Motor Credit Company, and which was purchased by Triumph. Syncom identified the original creditor in its debt collection letter as "Ford Credit" and the current owner as Triumph Credit, LLC. Plaintiffs informed Syncom on the telephone between October 4, 2005 and August 18, 2006, that they owed no debt to Ford Motor Credit Company or Triumph Credit and disputed the debt's existence. Plaintiffs informed Syncom representatives that the alleged debt was released in a court action. Plaintiffs were informed orally by Syncom that Ford Motor Credit no longer was the "owner of the debt", but that Triumph was entitled to collect the debt.

3

13.    Plaintiffs therefore disputed the debt orally, and explained that the debt was released as the result of a lawsuit that concluded in 2003 by an out-of-court settlement dated August 15, 2003. Defendant Syncom informed Plaintiffs that it was going to collect this debt and ignored Plaintiff's protestations, and threatened to bring a lawsuit to collect the debt.

14.    Defendant Syncom informed Plaintiff it would hire an attorney to collect the account and that litigation against the Krogulls and their assets would commence. Syncom contacted the Krogulls orally and in writing to collect the debt, and on information and belief thereafter referred the collection to attorneys in Chicago, Illinois. These attorneys filed a collection suit against Plaintiffs entitled <u>Triumph Credit, LLC v. David and Dian Krogull</u> in DuPage County, Illinois, as case number 2006 SC 4957. A copy of the Complaint and Summons in that lawsuit are attached as Exhibit "B".

15.    In fact, the debt or alleged debt in question had been released by Ford Motor Credit Company by written settlement agreement in a case entitled *Krogull v. Ford Motor Credit Company*, Case No. 01 L 7291. Ford Motor Credit Company appeared in that suit by its counsel, and a release and settlement agreement was thereafter entered into on Ford Motor Credit's alleged debt and Ford Motor Credit paid the Krogulls $7,871.61, and released the Krogulls of any amounts allegedly owed to Ford Motor Credit Company. A copy of the Release is attached hereto as Exhibit "C".

16.    The Defendant Syncom and Triumph:

    A.    falsely represented to the Krogulls that the Krogulls were indebted to Triumph;

    B.    falsely represented it would file a lawsuit when it had no right to do so;

4

C.      falsely represented that it would collect the debt from Plaintiff's assets.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST SYNCOM

17.     Plaintiffs restate, reallege and incorporate here by reference all of the foregoing paragraphs one through sixteen as if fully set forth in this Count.

18.     Defendant Syncom violated 15 U.S.C. §1692 e(2)(A) by falsely representing the character, amount or legal status of Plaintiff's alleged debt.

19.     Defendant Syncom violated 15 U.S.C. §1692(e)(4) by asserting that non-payment of the debt would result in a legal action against Plaintiff.

20.     Defendant violated 15 U.S.C. §1692(f) by using unfair means to attempt to collect an alleged consumer debt and by unfairly failing to investigate Plaintiffs' claim that they were not indebted to Ford Motor Credit.

21.     Syncom caused a lawsuit to be filed against the Krogulls in the Circuit Court of DuPage County as case number 2006 SC 4957 and caused the Krogulls to expend funds for legal fees. The Krogulls also were caused emotional and emotional distress by the actions of Syncom and Triumph Credit. The Krogulls' credit was also injured by the actions of Syncom and Triumph Credit.

WHEREFORE, Plaintiffs ask that this Court enter judgment in their favor and against Defendant as follows:

(A) statutory damages;

(B) attorneys fees, litigation expenses and costs incurred in bringing this action;

(C) Any other relief the Court deems appropriate and just.

## COUNT II

## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST FORD MOTOR CREDIT COMPANY

Now come the Plaintiffs, by their attorneys, Norman H. Lehrer, P.C., and by way of their Complaint against Defendant Ford Motor Credit Company, states and alleges as follows:

22.     Plaintiffs reallege, restate and incorporate herein by reference all of the foregoing allegations of paragraphs one through twenty-one as if fully set forth in this Count II.

23.     David Krogull and Dian Krogull are individuals and citizens of the United States and State of Illinois.

24.     Ford Motor Credit Company is a corporation in the business of financing automobile purchases and leases through a system of auto dealerships it engaged in business with.

25.     On April 17, 1998, the Plaintiffs, David Krogull and Dian Krogull, entered into a Retail Installment Contract with Woodfield Chevrolet, a car dealership in Schaumburg, Illinois, which was assigned to Ford Motor Credit Company, relating to a 1989 Jeep Grand Cherokee. Litigation later ensued relative to the car in Cook County, Illinois, as case no. 01 L 7291. The Circuit Court of Cook County conducted a pretrial on the case, and the case against Ford Motor Credit was settled and Ford Credit released any claim for debt it had against the Krogulls on August 15, 2003. A copy of the release is attached as Exhibit "C".

26.     Ford Motor Credit Company had actual knowledge as of August 15, 2003 that it had no right to collect any funds from the Krogulls with respect to the Krogulls account and the 1989 Jeep Grand Cherokee. Ford Motor Credit had appeared in the Cook

Case 1:08-cv-00643    Document 19    Filed 04/25/2008    Page 7 of 19

County litigation with the Krogulls by its attorneys and had actual knowledge as of

August 15, 2003 that it had no right to collect any funds from the Krogulls with respect to

the 1989 Jeep Grand Cherokee. Ford Motor Credit Company falsely misrepresented to

Triumph Credit LLC that the Krogulls were in debt to Ford Motor Credit and knowing

full well with reasonable certainty that Triumph would attempt to collect the debt from

the Krogulls. Ford Motor Credit on information and belief sold the debt to Triumph,

after the alleged debt had been released. This was an unfair act by Ford Motor Credit

Company. Ford Motor Credit Company sold a debt that it represented to Triumph as

valid and lawful, knowing with reasonable certainty that the misrepresentation of the debt

as a lawful debt would be repeated, and knowing that Triumph Credit would attempt to

collect the debt. This was an unfair and deceptive act by Ford Motor Credit Company.

27.     At all times, there was in effect in the State of Illinois a statute known as

the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2).

28.     Defendant Ford Motor Credit Company was at all times engaged in trade

and commerce.

29.     On information and belief, and as a continuing representation on or before

8-18-06, Ford Motor Credit Company, by its agents and employees, committed the

following unfair acts that would cause collection efforts by Triumph and Syncom against

the Krogulls:

A.     Represented that it was the lawful owner of an indebtedness of $3,812.18

that the Krogulls owed to it;

B.     That it had the right to sell that debt to Triumph and did sell the bogus

debt;

    C.      Concealed that a settlement agreement and release of the debt had been entered into by Ford Motor Credit Company on October 15, 2003;

    D.      Ford Credit unfairly reported the alleged debt to various credit reporting agencies, damaging the Krogulls' credit;

    E.      Triumph initiated a lawsuit against the Krogulls on 8-18-06 in the Circuit Court of DuPage County as case no. 06 SC 4957, which was dismissed with prejudice (see Summons and Complaint attached as Exhibit "B").

30.     The above representations and/or omissions and/or unfair acts as set forth above were made with the intent that they would be relied upon.

31.     The above representations and/or omissions and/or unfair acts as set forth above were false and untrue, or Ford Motor Credit Company committed unfair acts and reckless acts when the representations were made as follows:

    A.      Ford Motor Credit had released the Krogulls and there was no indebtedness to Ford Motor Credit Company by settlement on August 15, 2003;

    B.      Ford Motor Credit Company had no right to collect the alleged debt, sell the alleged debt, or do anything else with the debt to prejudice the Krogulls, as the debt was released.

    C.      Neither Ford Credit nor Triumph nor Syncom had the right to collect the debt.

32.     Ford Motor Credit's acts are misrepresentations, concealments and unfair acts in violation of the Illinois Consumer Fraud Act.

33.     The actions of Ford Motor Credit are injurious to the Krogulls and part of a pattern of misconduct. The actions of Ford Motor Credit are one or more of the following:

    A.      The sale of an invalid debt knowing collections efforts made to collect a released account;

    B.      The refusal to report or honor the lawful settlements it entered;

    C.      The continued mistreatment of a Ford Motor Credit customer;

34.     As a result of Defendant Ford Motor Credit's unfair acts, the Defendant has caused the Plaintiffs damages and has caused continuing attempts to collect, harass, and dun the Plaintiffs for money they do not owe, and has caused out-of-pocket expenses, legal fees, loss of time, aggravation and inconvenience and emotional distress.

35.     The conduct set forth above constitutes unfair and deceptive conduct by the Defendant Ford Motor Credit in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2).

WHEREFORE, the Plaintiffs pray for relief against the Defendant Ford Motor Credit Company as follows:

    A.      That Plaintiffs be awarded $50,000.00, plus costs, plus attorneys fees;

    B.      That Plaintiffs be awarded punitive damages of $250,000.00;

    C.      For such other relief as the Court deems just.

## COUNT III

### COMMON LAW SLANDER OF CREDIT
### AGAINST FORD MOTOR CREDIT COMPANY

Now come the Plaintiffs, David Krogull and Dian Krogull, by their attorneys, Norman H. Lehrer, P.C., and states as follows:

36.     Plaintiffs restate and reallege paragraphs 1-35 of Counts I and II as though fully set forth herein, and state further as follows:

37.     On and before August 18, 2006, Ford Motor Credit sold an alleged debt of the Krogulls to Triumph Credit.

38.    Plaintiffs' credit has been slandered and Plaintiffs have been caused to be dunned by Syncom and Triumph by Ford Motor Credit's slander of Plaintiffs' credit.

39.    The foregoing sale of the alleged debt by Ford Motor Credit to Triumph was defamatory, as Plaintiff had a clear right not to pay any debt to Ford Motor Credit or Triumph, as the Court had released the debt, and the sale of the debt was in violation of Plaintiff's rights.

40.    By the forgoing acts, Ford Motor Credit intentionally made false statements about Plaintiffs or made same in reckless disregard for the truth.

41.    As a result of Defendants Ford Motor Credit's conduct, the Krogulls have suffered actual damages in that Plaintiffs' credit was damaged and Plaintiffs had to hire an attorney in a lawsuit initiated by Triumph about the alleged debt. Plaintiffs have been caused aggravation and inconvenience and distress as a result of Ford Motor Credit's actions.

WHEREFORE, Plaintiffs request:

A.    An award of actual damages which Plaintiffs have suffered, including punitive damages;

B.    Award expenses of litigation;

C.    An order that Defendant clear Plaintiffs' credit history with respect to this transaction in total;

D.    Grant such other relief as the Court deems just.

_____
One of Plaintiffs' Attorneys

Norman H. Lehrer, P.C.
429 W. Wesley
Wheaton, IL 60187
630-462-0700

10

SYNCOM
5450 N.W. Central #1000
HOUSTON TX 77092
PH:    800-580-8615
FAX:   713-460-2236
HOURS : M-Th 8AM-8PM, Fri 8AM-5PM, Sat 8AM-12PM CST
------------------------------------------------------------

DAVID M KROGULL
1520 HARVEST LN
WESTMONT IL 60559

                              Re: TRIUMPH ASSET SERVICES
                              Client Account : 1140788
                              Our Account    :  701472
                              Amount of Debt : $3373.87

     10-04-05

     A claim in the amount of $3373.87 owed to TRIUMPH ASSET SERVICES
has been placed with our office for collection.  Failure to respond may
result in further actions from our company.

     Please make check or money order payable to SYNCOM.

     Unless you notify this office within 30 days after receiving this notice
that you disputes the validity of this debt or any portion thereof, this
office will assume this debt is valid.  If you notify this office in writing
within 30 days from receiving this notice, this office will: obtain
verification of the debt or obtain a copy of a judgement and mail a copy of
such judgment or verification.  If you request this within 30 days after
receiving this notice, this office will provide you with the name and
address of the original creditor, if different from the current creditor.

     This is an attempt to collect a debt by a debt collector.  Any information
obtained will be used for that purpose.

Sincerely,

Nancy Napoli
General Manager
SYNCOM



TOLL FREE (800) 580-8615



EXHIBIT
A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release is hereby made this _____ day of August, 2003, between David and Dian Krogull ("Krogulls"), and Ford Motor Credit Company ("Ford Credit"). The Krogulls and Ford Credit are referred to collectively as the "Parties."

WHEREAS, there is pending in the Circuit Court of Cook County, Illinois, an action entitled *David and Dian Krogull v. Woodfield Chevrolet and Ford Motor Credit Company, 01 L 7291*, in which the Krogulls have asserted various claims against Woodfield Chevrolet ("Woodfield") and Ford Credit. This Settlement Agreement and Mutual Release is between Plaintiffs David and Dian Krogull and Defendant Ford Credit; this Settlement Agreement and Mutual Release does not involve, affect, or compromise any claims made by the Krogulls against Defendant Woodfield.

WHEREAS, the Parties now desire to compromise and settle all claims between them;

IT IS AGREED AS FOLLOWS:

1.    As consideration for this Agreement, the Krogulls hereby release for themselves, their heirs, executors, administrators, attorneys and agents, all claims of any kind which they have asserted or could have asserted against Ford Credit, its agents, affiliates, related entities, parent corporations, subsidiary corporations, attorneys, employees, directors, officers, successors and assigns, arising out of a retail installment contract dated April 7, 1998 ("Contract"), for the purchase of a used 1989 Jeep Grand Wagoneer, VIN = 1J4GS5878KP104430, to which the Krogulls are or were a party.



prejudice of all claims which are asserted in the aforesaid Complaint, Ford Credit shall pay to the Krogulls and their attorneys the sum of $7,871.62.

5.    The Parties further agree that each party shall be responsible for, and shall not assert claims as and between each other, for any costs arising from this Litigation, including, but not limited to, attorneys fees and costs.

6.    The parties and their respective counsel agree not to disclose or cause to be disclosed, directly or indirectly, to any public or private entity or individual, any information regarding the existence or terms of this settlement.

7.    This Settlement Agreement and Mutual Release may be executed in multiple counterparts, and the counterparts, when signed and attached to each other, shall have the same force and effect as though all Parties had executed one document. Photocopies or facsimile copies of executed copies of this Settlement Agreement and Mutual Release may be treated as original. A duly authorized attorney or officer of a corporate entity may sign on behalf of a corporate entity.

8.    It is further understood and agreed that this Settlement Agreement and Mutual Release is a compromise of a dispute and is entered into for the purpose of avoiding the expense of litigation, and that any payment by a party released is not to be construed as an admission of liability on the part of that party, by whom liability is expressly denied.

9.    This Settlement Agreement and Mutual Release shall be construed and entered in accordance with, and the rights of the Parties shall be governed by, the laws of the state of Illinois.

3

Case 1:08-cv-00643    Document 19    Filed 04/25/2008    Page 14 of 19

Case 1:08-cv-00643    Document 1    Filed 01/30/2008    Page 18 of 24

10.    The Parties agree that if any part of this Settlement Agreement and Mutual Release should be deemed invalid by law, the Parties intend that all remaining portions shall be fully enforceable.


Dated this ___ day of August, 2003.


_____
David Krogull

_____
Dian Krogull

FORD MOTOR CREDIT COMPANY


By: _____

SUMMONS–Small Claims

STATE OF ILLINOIS

UNITED STATES OF AMERICA

3312 (Rev. 7/97)

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN THE NAME OF THE PEOPLE OF THE STATE OF ILLINOIS

COUNTY OF DUPAGE

Triumph Credit, LLC

               Plaintiff(s)

Vs.

Case No. 2006SC004957

David M Krogull
Dian Krogull

               Defendant(s)

AMOUNT CLAIMED
$3,812.18 plus costs

File Stamp Here

To each defendant:

               SUMMONS

     You are hereby summoned and required to appear before this Court at 505 North County Farm Road, Wheaton, Illinois in Courtroom 1003 at 8:45 A.M. on **SEP 1 3 2006** 20 06, to answer the complaint of the plaintiff's a copy of which is hereto attached. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

RETURN: This summons may not be served later than three (3) days before the day for appearance.

SERVE :
David M Krogull
Dian Krogull
1520 Harvest Ln.
Westmont, Illinois 60559

WITNESS: **CHRIS KACHIROUBAS** Clerk of the Eighteenth Judicial Circuit Court, and the seal there of at

Dated: **AUG 1 8 2006**

**CHRIS KACHIROUBAS** Circuit Court Clerk
Clerk of the Eighteenth Judicial Circuit

NOTICE TO PLAINTIFF:
Parties are required to appear on the returned date. If the defendant denies the claims set for in the complaint, a future trial date will be set. The case will not be heard for trial on the date stated above.
Blitt and Gaines, P.C.

Attorney Number 39295

313 W. Adams Street, Suite 1600

Chicago, Illinois 60606

(312) 920-0620

To The Officer:
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.

NOTICE TO PLAINTIFF or PLAINTIFF'S ATTORNEY: When preparing the above SUMMONS, you will insert a return day not less than 14 nor more than 40 days after the date of issuance; said return day to be any weekday, Monday through Friday inclusive, except a legal holiday. IF YOU FAIL TO APPEAR ON THE RETURN DATE, SHOWN ABOVE, YOUR CASE MAY BE DISMISSED FOR WANT OF PROSECUTION.
Note: Public parking is available for courtroom 1000 at 479 County Farm Road's parking garage.
CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60189-0707

CF 98-08

06-09481-0

Exhibit
C

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

TRIUMPH CREDIT, LLC
                            Plaintiff

vs.

DAVID M KROGULL
DIAN KROGULL          Defendant

No. **2006SC004957**

Assigned To: 1003
Return Date:

Contract
Amount Claimed:$3,812.18
Plus court costs

**FILED**
Aug 18 2006 - 9:32 AM
SEP 1 3 2006
_Chris Kachiroubas_
CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

## COMPLAINT

NOW COMES the Plaintiff, Triumph Credit, LLC, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1.  Plaintiff is the assignee of a certain Retail Installment Contract entered into by the Defendant(s) for the purchase of an automobile, a copy is attached to and made a part of this complaint as Exhibit A.

2.  The defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $3,462.18.

3.  After receiving all credits and setoffs, there is now due and owing from Defendant(s) to Plaintiff the sum of $3,462.18.

4.  There is further due and owing from Defendant(s), pursuant to the terms of the Retail Installment Contract, reasonable attorney fees of $350.00. Therefore, there is a total amount due and owing from Defendant(s) in the amount of $ 3,812.18.

5.  Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

WHEREFORE, Plaintiff, TRIUMPH CREDIT, LLC, prays for judgment to pay this amount and the Defendant(s) in the amount of $3,812.18 plus court costs.

Blitt and Gaines, P.C.
Attorney for Plaintiff
318 W. Adams Street
Suite 1600
Chicago, IL 60606
(312) 920-0620
32887
89-CF-43
This is an attempt to collect a debt and information will be used for that purpose.



TRIUMPH CREDIT, LLC
Plaintiff

vs.

DAVID M KROGULL
DIAN KROGULL
Defendant

+8063000000018566847

AFFIDAVIT

I, _____Sara Rubin_____, being first duly sworn upon oath depose and state as follows:

1. That I am an agent for the Plaintiff herein and that I have custody and control of the files relating to this account;

2. That I have personal knowledge of all the facts and circumstances in connection with this case;

3. That said files are maintained in the usual and ordinary course of business;

4. That this action is based upon a theory of breach of contract and that the moneys sought are for damages alleged to have been incurred as a direct result of said breach;

5. That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $3,462.18.

6. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me this ___ day of _____, 2006

_____
NOTARY PUBLIC

Blitt & Gaines, P.C.
Attorney for Plaintiff
318 W. Adams Street, Suite 1600
Chicago, IL 60606
(312) 920-0620
32887

KARL HERNANDEZ
Notary Public, State of New York
No. 01HE6095733
Qualified in Suffolk County
Commission Expires July 21, 2007

06-09481-0
3850-00

**ILLINOIS SIMPLE INTEREST VEHICLE RETAIL INSTALLMENT CONTRACT**

DATE 11/07/1998

Buyer: DAVID KROGULL  DIAN KROGULL
1520 HARVEST  1520 HARVEST
WESTMONT IL 60559  WESTMONT IL 60559

Creditor: WOODFIELD CHEVROLET & GEO, INC.
NE00 EAST GOLF ROAD
SCHAUMBURG IL 60173

VIN: APA9005AY7

USED  98  JEEP  GRAND HERO  1J4GS58N7HC104439

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price ........................... $9847.00
2. Downpayment
   Trade-In .......................... $2000.00
3. Unpaid Balance of Cash Price ....... $7000.00
4. Amounts to be Paid

Registration fees ................... $91.00
WOODFIELD DOCUMENTARY FEE ........... $46.08

5. Amount Financed ................... $107.08

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 21.00 % | 2000.00 | 2000.00 | 2000.00 | 2000.00 |

Payment Schedule: 23 payments of $347.02 monthly starting 07 DEC

### INSURANCE

YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

☐ Credit Life
☐ Disability

QUESTIONS?
PLEASE CALL US AT 1-800-727-7080

BRANCH COPY

### NOTICE TO THE BUYER

1. Do not sign this agreement before you read it or if it contains any blank spaces.
2. You are entitled to an exact copy of the agreement that you sign.
3. Under this law you have the right, among other things, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

## ADDITIONAL AGREEMENTS

**A. Payments:** You must make all payments when they are due. You may prepay your debt at any time without penalty. This is a whole interest contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payments will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding.

**B. Security Interest:** You give the Creditor a security interest in:

    1. The vehicle and all parts or other goods put on the vehicle;
    2. All money or goods received for the vehicle; and
    3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe in this contract. It also secures your other agreements in this contract.

**C. Use of Vehicle - Warranties:** You must take care of the vehicle and keep all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. If the vehicle is of a type normally used for personal and not for business, the vehicle's manufacturer's warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering this vehicle. Otherwise, you understand and agree that there are no such implied warranties.

**D. Insurance:** You must insure yourself and the Creditor against loss or damage to the vehicle. The Creditor must approve the type and amount of insurance. If a charge for vehicle insurance is shown on the front, the Creditor will try to buy the coverages checked for that insurance. The Creditor is not liable, though, if he can not do so. If these coverages cost less than the amount shown for insurance, the Creditor may buy them for a shorter term or he may give you credit for the amount shown. If he cannot buy insurance, he will give you credit for the amount shown. If the Creditor obtains a refund on insurance or service contract, the Creditor will subtract the refund from what you owe. The credit will be made to the last payments due. Whether or not this vehicle is insured, you must pay for it if it is lost, damaged, or destroyed.

**E. Late Payment:** You must pay any cost paid by the Creditor to collect any late payment, as allowed by law. Acceptance of a late payment does not excuse your default or mean that you can keep making payments after they are due. The Creditor may take the steps set forth below if things in any default.

**F. Default:** You will be in default if:

    1. You do not make any payment when it is due; or
    2. You gave false or misleading information on your application relating to this contract; or
    3. Your vehicle is seized by any legal, state, or federal authority and is not promptly and unconditionally returned to you; or
    4. You file a bankruptcy petition or one is filed against you; or
    5. You do not keep any other agreement in this contract.

If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge, and all other amounts due under this contract. He may repossess (take back) the vehicle, too. He may also take goods found in the vehicle when repossessed and hold them for you.

If the vehicle is taken back, he will send you a notice. The notice will state that you may redeem (buy back) the vehicle. It will also show the amount needed to redeem and your right, if any, to cure the default. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not cure the default, where allowed by law, or redeem thereafter, it will be sold.

The money from the sale, less the allowed expenses, will be used to pay the amount still owed on this contract. Allowed expenses are those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Lawyers' fees and legal costs permitted by law are allowed, too. If there is any money left (a surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay the amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

**G. General:** To contact Ford Motor Credit Company about this account, call 1-(800) 727-7000. The law of Illinois applies to this contract. If that law does not allow all of the agreements in this contract, the ones that are not allowed will be void. The rest of this contract will still be good.

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Used Motor Vehicle Buyers Guide. If you are buying a used vehicle with this contract, federal regulations may require a second Buyers Guide to be displayed on the window of the vehicle. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Does not apply if purchased for commercial (not including agricultural or professional) use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses, or rights which you may have against the seller or manufacturer of the vehicle.

### NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR CREDIT DISABILITY INSURANCE PREMIUM

(1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, OR YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY.

(2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.

### GUARANTY

Guarantor _____  Address _____

I hereby guarantee the collection of the above described amount upon failure of the seller named herein to collect said amount from the buyer named herein.

**Complaints**
1:08-cv-00643 Krogull et al v. Triumph Credit, LLC et al
COX

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3

## Notice of Electronic Filing

The following transaction was entered by Lehrer, Norman on 4/25/2008 at 5:24 PM CDT and filed on 4/25/2008

**Case Name:**       Krogull et al v. Triumph Credit, LLC et al
**Case Number:**     1:08-cv-643
**Filer:**           David Krogull
                     Dian Krogull
**Document Number:** 19

**Docket Text:**
**AMENDED complaint by David Krogull, Dian Krogull against all plaintiffs (Lehrer, Norman)**

**1:08-cv-643 Notice has been electronically mailed to:**

Norman H. Lehrer     normanhlehrer@yahoo.com

Mary K. Schulz     SchulzLaw@aol.com

**1:08-cv-643 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=4/25/2008] [FileNumber=4732214-0
] [31e41209c2265d6762d0aa61fda92f59f2b128768a07ea58167a25893016b8d9bc8
f1418e5902c672b6416b794a7ed21ba898a9d1eb12a9b0a3b2fc8cbbe2769]]