IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID AND DIAN KROGULL,              )
                                     )
              Plaintiffs,            )        No.  08 C 643
                                     )
       v.                            )        Judge Andersen
                                     )
TRIUMPH CREDIT, LLC, SYNCOM AND      )        Magistrate Judge Cox
FORD MOTOR CREDIT COMPANY,           )
                                     )
              Defendants             )

FORD MOTOR CREDIT COMPANY'S MOTION TO DISMISS
COUNTS III, IV AND V OF PLAINTIFFS' COMPLAINT

Ford Motor Credit Company, ("Ford Credit"), by its undersigned attorney, prays for the

entry of an order granting it leave to file its response to Plaintiffs' Amended Complaint, a copy of

which is attached hereto as Exhibit A and made a part hereof.


FORD MOTOR CREDIT COMPANY


        /s/ Mary K. Schulz
             One of its attorneys



Mary K. Schulz, 6183773
Schulz Law, P.C.
35 E Wacker Drive, Suite 650
Chicago, IL 60601
312.546-5146

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID AND DIAN KROGULL, | ) | |
| | ) | |
| Plaintiffs, | ) | No.  08 C 643 |
| | ) | |
| v. | ) | Judge Andersen |
| | ) | |
| TRIUMPH CREDIT, LLC, SYNCOM AND | ) | Magistrate Judge Cox |
| FORD MOTOR CREDIT COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

FORD MOTOR CREDIT COMPANY'S RESPONSE
TO PLAINTIFFS' AMENDED COMPLAINT

Ford Motor Credit Company, ("Ford Credit"), by its undersigned attorney, states as its

response to Plaintiffs' Amended Complaint as follows:

Introduction

1.    Plaintiffs David Krogull and Dian Krogull bring this action against
Defendants Syncom and Triumph Credit, LLC, for violation of the
Fair Debt Collection Practices Act, as the Defendants have pursued
collection against the Krogulls on a false debt after the debt was
released by Ford Motor Credit Complaint, (sic), and Plaintiffs
informed Syncom that the debt was released.  The Defendants
engaged in unfair debt collection practices by misrepresenting the
debt and itself and filed a collection suit against Plaintiffs after they
disputed the debt.  Plaintiffs brings this action against Ford Motor
Credit Company based on the Defendant's unfair acts in selling a
debt that was released.

Answer    Ford Credit admits that Plaintiffs have made those claims.

Jurisdiction and Venue

2.    The jurisdiction of the United States District Court is based on 28
U.S.C. 1331 (Federal Question Jurisdiction) and 15 U.S.C. 1692
(Fair Debt Collection Practices Act), and there is a common
nucleus of facts between the federal question claims arising under
the Federal Fair Debt Collection Practices Act and the pendent state
actions for common law fraud and slander of credit.  This Court has

supplemental jurisdiction over the state claims under 28 U.S.C.
1367.

Answer:     Ford Credit admits that this Court has jurisdiction of the Krogulls' claims

    3.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as
the acts and transactions that give rise to this action occurred, in
substantial part, in this District.

Answer:     Ford Credit denies that the acts which give rise to the Krogulls' claims occurred in

this District.

    4.    Venue is also proper in this District since the Defendants can be
found, have agents, or transact business in this District.

Answer:     Ford Credit admits that venue is proper as to it in this District.  Ford Credit does

not possess sufficient information in order to form a belief as to whether venue is proper in this

District as to the other defendants.

<u>PARTIES</u>

    5.    David Krogull and Dian Krogull are citizens of the State of Illinois
and of the United States who resides within this District.  The
Krogulls were previously a party to an action in the Circuit Court
of DuPage County entitled *Krogull  v. Woodfield Chevrolet and
Ford Motor Credit Company*, Case No. 01 L 7291.

Answer:     Ford Credit has been informed, and therefore believes that the Krogulls are

residents of the State of Illinois and that they are citizens of the United States.  Ford Credi denies

that the Krogulls were party to an action in the Circuit Court of DuPage County.  Ford Credit

does admit that the Krogulls were previously party to an action in the Circuit Court of Cook

County with the same title and case number as set forth above.

    6.    The Krogulls are "consumers" as that term is defended by Section
1692(a)(3) of the Fair Debt Collection Practices Act (hereafter
"FDCPA") in that the alleged debt that Defendants sought to
collect from them is a consumer debt, purportedly owed to Ford

Motor Credit Company.

Answer:        Admitted.

> 7.      Upon information and belief, Defendant Triumph Credit, LLC
>         d/b/a Triumph and Syncom have their principal place of business
>         located in Houston, Texas.

Answer:        Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

> 8.      Upon information and belief, Triumph and Syncom are both
>         corporations regularly engaged in the collection of debts allegedly
>         owed by consumers, and does so for a profit.  Triumph Credit
>         employed ad athorized Syncom to act as its debt collector and to
>         collect the alleged debt from the Krogulls.  Syncom engaged in
>         debt collection attempts fro Trumph Credit, as its agent.

Answer:        Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

> 9.      Upon information and belief, Defendant Syncom is a Texas
>         corporation which regularly engaged in the collection of debts
>         owed by consumers, and does so for a profit.

Answer:        Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

> 10.     Syncom and Triumph Credit are debt collectors as defined by
>         Section 1692(a)(6) of the FDCPA.  Syncom contacted the Krogulls
>         by letter at their home in Westmont by mail.  Syncom is a debt
>         collection firm in Houston, Texas.   Syncom took actions against th
>         Krogulls to collect an alleged debt Ford Credit sold to Triumph
>         Credit, and Syncom wrongfully filed a lauwuit against the Krogulls
>         to collect the alleged debt.

Answer:        Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

<u>FACTUAL ALLEGATIONS</u>

3

11.    Sometime after August 15, 2003, Plaintiffs received a debt
collection letter.  A copy of same is attached hereto as Exhibit "A".
The letter is dated October 4, 2005.

Answer    Ford Credit admits that there is a document attached as Exhibit A to the Complaint

and denies any factual allegations inconsistent with that document.

12.    Shortly thereafter, Plaintiff began to receive phone calls at various
hours of the day from Syncom demanding payment of the debt, and
informing Plaintiff that the Defendant Triumph was the lawful
owner of a debt under a Retail Installment Contract, formerly owed
to Ford Motor Credit Company, and which was purchased by
Triumph.  Syncom identified the original creditor in its debt
collection letter as "Ford Credit" and the current owner as Triumph
Credit, LLC.  Plaintiffs informed Syncom on the telephone between
October 4, 2005 and August 18, 2006, that they owed no debt to
Ford Motor Credit Company or Triumph Credit and disputed the
debt's existence.  Plaintiffs informed Syncom representatives that
the alleged debt was released in a court action.  Plaintiffs were
informed orally by Syncom that Ford Motor Credit no longer was
the "owner of the debt:, but that Triumph was entitled to collect the
debt.

Answer:    Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

13.    Plaintiffs therefore disputed the debt orally and explained that the
debt was released as a result of a lawsuit concluded in 2003 by out-
of-court settlement dated August 15, 2003.  Defendant Syncom
informed Plaintiffs that it was going to collect this debt and ignored
Plaintiff's protestations, and threatened to bring a lawsuit to collect
the debt.

Answer:    Ford Credit lacks information or knowledge sufficient to form a belief as to the

truth of these allegations, and therefore denies them.

14.    Defendant Syncom informed Plaintiff it would hire an attorney to
collect the account and that litigation against the Krogulls and their
assets would commence.  Syncom contacted the Krogulls orally
and in writing to collect the debt, and on information and belief

4

thereafter referred the collection to attorneys in Chicago, Illinois. These attorneys filed a collection suit against Plaintiffs entitled <u>Triumph Credit, LLC v. David and Dian Krogull</u> in DuPage County, Illinois as case number 2006 SC 4957. A copy of the Complaint and Summons in that lawsuit are attached as Exhibit "B".

Answer:    Ford Credit admits that there is a document attached as Exhibit B and lacks

information or knowledge sufficient to form a belief as to the truth of the remaining allegations,

and therefore denies them.

15.    In fact, the debt or alleged debt in question had been released by Ford Motor Credit Company by written settlement agreement in a case entitled *Krogull v. Ford Motor Credit Company,* Case No. 01 L 7291. Ford Motor Credit Company appeared in that suit by its counsel, and a release and settlement agreement was thereafter entered into on Ford Motor Credit's alleged debt and Ford Motor Credit paid the Krogulls $7,871.61, and released the Krogulls of any amounts allegedly owed to Ford Motor Credit Company. A copy of the release is attached hereto as Exhibit "C".

Answer:    Ford Credit admits that there is a document attached as Exhibit C to the Complaint

and denies any factual allegations inconsistent with that document. Ford Credit denies that the

allegations correctly state the title of the case in state court. Ford Credit admits that it was

represented by counsel

16.    The Defendant Syncom and Triumph:

A.    falsely represented to the Krogulls that the Krogulls were indebted to Triumph;

B.    falsely represented it would file a lawsuit when it had no right to do so;

C.    falsely misrepresented that it would collect the debt from Plaintiff's assets.

Answer:    Ford Credit lacks information or knowledge sufficient to form a belief as to the

5

truth of these allegations, and therefore denies them.

## CLAIMS FOR RELIEF

## COUNT I
### Violation of FDCPA by Syncom

The allegations contained in this Count are directed to another defendant and, therefore,

Ford Credit need to respond to them.

## COUNT II
### Consumer Fraud - Ford Credit

22.     Plaintiffs reallege, restate and incorporate herein by reference all of
the foregoing allegations of paragraphs one through twenty-one as
if fully set forth in this Count II.

Answer      Ford Credit restates its responses to paragraphs 1 through 21.

23.     David Krogull and Dian Krogull are individuals and citizens of the
United States and State of Illinois.

Answer:      Ford Credit admits that it has been informed, and therefore believes that the

Krogulls are residents of Illinois and  citizens of the United States.

24.     Ford Motor Credit Company is a corporation in the business of
financing automobile purchases and leases through a system of
authorized dealerships it engaged in business with.

Answer:      Ford Credit admits that it purchases installment sales contracts and leases from

dealerships and denies any other allegation contained in this paragraph.

25.     On April 17, 1998, the Plaintiffs, David Krogull and Dian Krogull,
entered into a Retail Installment Contract with Woodfield
Chevrolet, a car dealership in Schaumburg, Illinois, and Ford
Motor Credit Company, relating to a 1989 Jeep Grand Cherokee.
Litigation later ensued relative to the car in Cook County, Illinois,
as case no. 01 L 7291.  The Circuit Court of Cook County
conducted a pretrial on the case, and the case against Ford Motor
Credit was settled and Ford Credit released any claim for debt it
had against the Krogulls on August 15, 2003.  A copy of the release

6

is attached as Exhibit "C".

Answer        Ford Credit admits that the Krogulls entered in to a contract which was

subsequently assigned to Ford Credit.  Ford Credit also admits that it entered in to a settlement

agreement and denies any allegations contained in this paragraph which are inconsistent with that

agreement.

      26.     Ford Motor Credit Company had actual knowledge as of August 15, 2003 that it had no right to collect any funds from the Krogulls with respect to the Krogulls' account relating to the 1989 Jeep Cherokee.  Ford Motor Credit Company had appeared in the Cook County litigation with the Krogulls by its attorneys and had actual knowledge as of August 15, 2003 that it had no right to collect any funds from the Krogulls with respect to the 1989 Jeep Grand Cherokee.  Ford Motor Credit Company falsely misrepresented to Triumph Credit, LLC that the Krogulls were in debt to Ford Motor Credit and knowing full well with reasonable certainty that Triumph would attempt to collect the debt from the Krogulls.  Ford Motro Credit on information and belief sold the debt to Triupph, after the alleged debt had been released.  This was an unfair and deceptive act by Ford Motor Credit Company.  Ford Motor Credit Company sold a debt that it represented to Triumph as valid and lawful, knowing with reasonable certainty that the misrepresentation of the debt as a lawful debt would be repeated, and knowing that Triumph Credit would attempt to collect the debt.  This was an unfair and deceptive act by Ford Motor Credit Company.

Answer        Ford Credit objects to this paragraph as containing confusing and unintelligible

allegations.  Ford Credit further states that to the extent that the allegations contained in this

paragraph are deemed to contain allegations of fact, Ford Credit denies them and to the extent

that the allegations contained in this paragraph are deemed to be mere conclusions of law, Ford

Credit need not either admit or deny them.

      27.     At all times, there was in effect in the State of Illinois a statue known as the Illinois Consumer Fraud and Deceptive Business Practices Act, (815 ILCS 505/2).

7

Answer:      Admit

    28.    Defendant Ford Motor Credit Company was at all time engaged in trade and commerce.

Answer:      Deny.

    29.    On information and belief, and as a continuing representation on or before 8-18-06,  Ford Motor Credit Company, by its agents and employees, committed the following unfair acts that would cause collection efforts by Triumph and Syncom against the Krogulls.

        A.    Represented that it was the lawful owner of an indebtedness of $3,812.18 that the Krogulls owed to it;

        B.    That it had the right to sell that debt to Triumph and did sell the bogus debt;

        C.    Concealed that a settlement agreement and release of the debt had been entered into by Ford Motor Credit Company on October 15, 2003;

        D.    Ford Credit unfairly reported the alleged debt to various credit reporting agencies, damaging the Krogulls' credit.

        E.    Triumph initiated a lawsuit against the Krogulls on 8-16-06 in the Circuit Court of DuPage County as case no. 06 SC 4957, which was dismissed with prejudice (see Summons and Complaint attached as Exhibits "B").

Answer:      Ford Credit admits that there is a document attached as Exhibits B to the Amended Complaint and denies any factual allegations inconsistent with that document.  Ford Credit denies the remaining allegations contained in this paragraph.

    30.    The above representations and/or omissions and/or unfair acts set forth above were made with the intent that they would be relied upon.

Answer:      Ford Credit denies that it made any representations or omissions or committed any

8

unfair acts and, therefore, denies the allegations contained in this paragraph.

31.    The above representations and/or omissions and/or unfair acts as set forth above were false and untrue, or Ford Motor Credit Company committed unfair acts and reckless acts when the representations were made as follows:

A.    Ford Motor Credit Company had released the Krogulls and there was no indebtedness to Ford Motor Credit Company by settlement in August, 2003;

B.    Ford Motor Credit Company had no right to collect the alleged debt, sell the alleged debt, or do anything else with the debt to prejudice the Krogulls, as the debt was released;

C.    Neither Ford Credit nor Triumph nor Syncom had the right to collect the debt.

Answer:    Ford Credit denies that it made any representations or omissions or committed any

unfair acts and, therefore, denies the allegations contained in this paragraph.

32.    Ford Motor Credit's acts are misrepresentations and concealments and unfair acts in violation of the Illinois Consumer Fraud Act.

Answer:    Ford Credit denies each and every allegation contained in this paragraph.

33.    The actions of Ford Motor Credit are injurious to the Krogulls and part of a pattern of misconduct.  The actions of Ford Motor Credit are one or more of the following:

A.    The sale of an invalid debt to a debt knowing collections efforts made to collect a released account:

B.    The refusal to report or honor the lawful settlement it entered;

C.    The continued mistreatment of a Ford Motor Credit customer ;

Answer:    Ford Credit denies each and every allegation contained in this paragraph.

9

34.     As a result of Defendant Ford Motor Credit's unfair acts, the
        Defendant has caused the Plaintiffs damages and has caused
        continuing attempts to collect, harass, and dun the Plaintiffs for
        money they do not owe, and has caused out-of-pocket expenses,
        legal fees, loss of time, aggravation and inconvenience and
        emotional distress.

Answer:     Ford Credit denies each and every allegation contained in this paragraph.

35.     The conduct set forth above constitutes unfair and deceptive
        conduct by the Defendant Ford Credit in violation of the
        Illinois Consumer Fraud and Deceptive Business Practices Act
        (815 ILCS 505/2).

Answer:     Ford Credit denies that it violated any law, and therefore denies the allegations

contained in this paragraph.

WHEREFORE, Ford Credit prays for the entry of an order dismissing this Count II of the

Second Amended Complaint for its failure to state a cause of action for which relief could be

granted and for such further and additional relief as this Court deems right and just.

10

<u>CERTIFICATE OF SERVICE</u>

      I, the undersigned attorney, certify that on May 19, 2008 I electronically filed the

foregoing **Notice of Motion and Motion for Leave to File Response to Amended Complaint**

with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to

the following:

Norman H. Lehrer,                William George Hutul
normanhlehrer@yahoo.com      normanhlehrer@yahoo.com
429 Wesley                       429 Wesley
Wheaton, IL 60187             Wheaton, IL 60187
630.462-0700                   630.462-0700
630.462-0838                   630.462-0838

                          _____/s/ Mary K. Schulz_____
                             Mary K. Schulz